ELMER SKUEY v. THEODORE T. BJERKAN AND ANOTHER.[1]

January 13, 1928.

No. 26,044.

**Separation of risk insured pursuant to workmen's compensation act.**

[1]   G. S. 1923, § 4288, provides the exclusive method for a separation of the risk assumed by an insurer of an employer's obligations under the compensation act.

**Insurer and insured cannot limit the risk without approval of the commission.**

[2]   Under the statute there is but one risk for the purpose of compensation insurance; and the parties thereto cannot, without the approval of the industrial commission, limit the coverage in the policy to certain occupations therein specified.

Workmen's Compensation Acts—C. J. p. 53 n. 86 New.

[1]Reported in 217 N. W. 358.

Certiorari upon the relation of the insurer, Midwest Mutual Insurance Company, to review an order of the industrial commission awarding compensation for injuries sustained by the respondent, Elmer Skuey, while in the employ of Theodore T. Bjerkan. Affirmed.

*Geo. A. & C. H. MacKenzie* and *H. A. Knobel,* for relator.

*F. H. Borchert,* for respondent.

WILSON, C. J.

Certiorari to review an order of the industrial commission awarding compensation.

The employe was injured while working as a sawyer on a portable sawmill operated by the employer. The insurer, not the employer, seeks to evade liability upon the ground that the occupation in which the injury occurred was not covered by the policy which limits the coverage. Our inquiry is whether, under our compensation law, the coverage may be limited solely by agreement between the insurer and the insured.

[1] Concededly the coverage may be limited to certain occupations of the employer, which are actually written into the policy, unless the compensation act prevents it. Hence the provisions of the general insurance statute, such as G. S. 1923, §§ 3314, 3334, are inapplicable. The relator suggests that the compensation act does not unequivocally forbid such limitation. It is also noted that G. S. 1923, § 4289, states the employer may insure the risk in any manner authorized by law but specifies certain provisions which are to be incorporated and does not include limitation of coverage. Relator points to the fact that the class of work attempted to be excluded calls for a higher minimum premium and seeks to construe G. S. 1923, § 4288, as not requiring the insurer to write a blanket policy and not imposing any duty upon the insurer as to the permits therein mentioned. It argues that the theory of respondent would force upon the insurer a risk which it might not choose to assume.

[2] On the other hand G. S. 1923, § 4288, requires every employer, except the state and the municipal subdivisions thereof,

liable under the compensation act, to insure payment of compensation, unless the employer shall be exempted from such insurance by the commission. Such insurance may exclude, with the approval of the commission, medical and hospital benefits required by § 4279. The statute also provides that a distinct operation or establishment determined by the commission to be a distinct and separate risk may be separately insured. Note the controlling hand of the commission. The employer may self-insure if he procures the approval of the commission; not otherwise. Certain kinds of insurers are required to insure for the full benefits. G. S. 1923, § 4289. The statute imposes the imperative duty to insure, which means insurance for all employes. Is this a duty of the insured in which the insurer has no concern? It is our duty to construe the statute, if it can reasonably be done, to give effect to each provision.

The presence of the provisions for separating the risks and for the approval of the commission signify that the legislature did not intend the parties to separate the risk at will without the knowledge of the supervising governmental agency. The purpose and intent of the law cannot be carried out without an efficient administration by the commission. Every presumption is in favor of a legislative intent to have a workable and efficient law and not one dulled by confusion and smothered in litigation while its beneficiaries, contrary to the purpose of the law, are subjected to misfortune and hardship. We have often said that this law is remedial and to be construed liberally in the advancement of the remedy. Being one involving public interest, it must be construed liberally to effectuate its purpose.

If the legislature did not intend to say that the exclusive way to separate a risk is with the approval of the commission, then its provisions, in reference thereto, expressly written into the law are a nullity. Such provisions must tacitly imply that the risk is a single entity.

In arriving at the intention of the legislature it is helpful to keep in mind the purpose of the law. There are some practical reasons which support the view we adopt and which tend to indicate

the intention of the legislature.  If relator's position were to be sustained it would do much to break down the efficiency of the commission's effort to enforce it.  The commission is required to see to it that all employers, subject to the law, insure the risk.  How would it determine in a particular case whether the entire liability is insured?  It would require not only a survey of the employer's activities but a constant supervision to learn of any change.  This would add a large state expense, incident to the proper administration of the law, which we may well assume the legislature never contemplated.  In many cases it would result in certain employment activities being uninsured without the employer's knowledge, and many instances would arise where it would be impossible for the injured employe or his dependents to recover the compensation which the spirit of the law plainly intends should be secured.  It would also result in endless controversy in relation to whether a particular employment activity would be embraced within the terms of the compensation policy.

No hardship results from construing the law to mean that the risk is a single entity.  The premium on compensation policies is determined by an audit of the payroll at the end of the policy term, which can easily and practically include all the employment activities of the assured during such term.  Such audits of payrolls can be and in many instances are required monthly or quarterly, so that, as stated by Commissioner Duxbury, "the insurer can easily determine what his coverage is at any time during the term of the policy, and can protect himself so far as he may deem prudent when his assured changes his employment activities during the term of the policy in any way that conflicts with the business policy of the insurer."

The law puts the burden of insurance upon the employer.  The insurer contracts in reference thereto and assumes every obligation imposed by law upon the employer, including the payment of compensation.  The law does not attempt to regulate the insurer.  He voluntarily comes into the transaction to assume the risks of the insured, which cannot be conveniently done in the wholesome administration of the law by contracting only for the choice classifica-

tion or risk. Why should he not be required to assume the employer's full obligations as imposed by law? He does not have to assume the risk. But since the employer must get full insurance from some source and the insured is to be paid the just premium, there is no unreasonableness in requiring the insurer to yield to the public welfare to the extent involved. If the insurer desires to restrict the coverage he must require insured to obtain the approval of the commission to such separation as is authorized by § 4288. We are of the opinion that the legislature meant that the statutory provisions for a division of the risk should be operative, and that the law does not permit a limitation of the coverage without the approval of the commission.

Affirmed.

STONE, J. (dissenting).

I agree that G. S. 1923, § 4288, imposes a duty to insure the entire risk unless the employer be exempted by the industrial commission. The section is directed, it seems to me, wholly at the insured and not at all at the insurer. To start with, it provides that "every employer" shall insure unless "such employer" be exempted by the commission. There follows a proviso that "any employer," with the approval of the commission, may exclude the medical and hospital benefits required by another section. Another proviso is that "an employer" conducting distinct operations or establishments may "insure or self-insure" every separate establishment or operation which may be determined by the commission to be a distinct and separate risk. (There is nothing there or elsewhere preventing an employer from insuring separate establishments or operations with as many insurers as there are risks. It is only when he desires to "self-insure" that he must go to the commission.) The next thought of the section is that "an employer" desiring to "self-insure" shall apply for such privilege. The next is that the commission may require further showings of any "such employer."

Finally, and showing that the only duty imposed by the section is upon the employer alone, we find that the concluding paragraph

of § 4288, prescribing penalties for its violation, imposes them only upon "any employer who shall fail to comply with the provisions of this section." Neither there nor elsewhere is any penalty imposed upon the insurer who, knowingly or otherwise, covers a part only of the operations of the insured employer. Agreeing cordially with the idea that the compensation act, being remedial, should be liberally construed, I yet submit that to apply § 4288 as against the insurance carrier rather than against the employer alone is amending it rather than construing it.

That conclusion seems to me confirmed by § 4289, which in marked contrast with § 4288 is in the main directed at the *insurer*. "Those writing such insurance" shall in every case be subject to its conditions. The first is that where the insurance is carried by certain kinds of companies, "then insofar as policies are issued on such risks they shall provide for compensation for injuries or death, according to the full benefits of part 2 of this act." However we view that language, it shows that the legislature has imposed certain conditions upon the insurer, and nowhere do we find that it has expressly imposed the condition that all of the operations of the insured shall be covered by the same policy or the same insurer. Nor is there negatived the idea that the insurer shall be at liberty to say what operations or establishments he will cover. Those insuring a given operation or establishment must promise "full benefits," but nowhere do we find anything requiring them to be responsible for an operation or establishment which is not only not within the language of the policy but expressly excluded.

Other conditions are imposed by § 4289. They are numerous, comprehensive, *and enumerated.* They do not include, expressly or by any implication that I can see, one that a given workmen's compensation policy shall cover not only the specific operations to which it attempts to limit itself but also any other in which the employer may engage during the period of the policy.

It is competent for the legislature to condition the business of workmen's compensation insurance in any reasonable manner. It may go a long way in prescribing the kind of contract that shall

be used. It may do as has been done in the field of fire, life and accident insurance and prescribe substantially all or at least a goodly part of the provisions of the policy. But, except to the extent that the field is covered by § 4289, it remains untouched by legislative restriction. It should follow that, except as so restricted, the coverage of a compensation policy may be limited to the precise operations or establishments expressly insured. It does not ·invalidate that conclusion to invoke the duty imposed by § 4288 upon the employer to insure all his operations or establishments. That duty is complied with if he covers one risk with one insurer and another with a second. And if he does not cover at all a part of his risk, he and not the insurer is the wrongdoer.