MABEL P. DEGRAY *v.* MILLER BROTHERS CONSTRUCTION COMPANY, INC., ET AL.

October Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed May 1, 1934.

260

262

*Robert W. Ready, Chas. F. Black,* and *J. Boone Wilson,* for the defendant, Maryland Casualty Co.

*Theriault & Hunt* for the claimant.

THOMPSON, J. This is an appeal by Mabel P. DeGray, dependent widow of James H. DeGray, deceased, hereafter called the claimant, and an appeal by the Maryland Casualty Company, hereafter called the casualty company, from an award by the commissioner of industries.

The case was heard by the commissioner on an agreed statement of facts which includes certain exhibits which were introduced in evidence by the claimant.

The following facts appear from the record: The defendant, Miller Brothers Construction Company, Inc., hereafter called the construction company, is a Connecticut corporation having its office and principal place of business in Hartford, Connecticut. It takes road construction contracts in Connecticut and other states. In August, 1929, it entered into a contract of employment, to be performed in Connecticut and other states, with the decedent, James H. DeGray, who was a resident of Connecticut. The decedent, after working for some time in Connecticut for the construction company, was sent by the latter to Vermont to work on a road construction job at East Ryegate, for which it had contracted. The decedent, while working on the job in Vermont, received a fatal injury which arose out of and in the course of his employment. The claimant, who lives in Connecticut, on her application therefor as dependent widow, was awarded compensation in Connecticut against the construction company, as employer, under the provisions of the Compensation Law of that state, and it has paid such compensation to the claimant. No appeal was taken from that award.

When the construction company began work in Vermont it procured in Vermont, in compliance with the provisions of the Workmen's Compensation Act of this State, a policy of compensation insurance from the casualty company which covered its operations in Vermont. It also had a policy of compensation

insurance which it had procured in Connecticut from the Indemnity Insurance Company of North America, in compliance with the provisions of the Workmen's Compensation Act of that state, which covered its operations in the states of Connecticut and New York. Both policies were in force when the decedent was injured.

Following the award in Connecticut, the construction company brought an action in Connecticut against the two insurers in which it sought recovery for the sums it had expended under the award, and for expenses and an order requiring them, one or both, to pay compensation to the claimant in accordance with the terms of the policies. A judgment was rendered for each defendant in the lower court. On an appeal to the Supreme Court of Errors of Connecticut, it was held by that court that, by reason of certain restrictive provisions in the policy of the indemnity company, the coverage of its policy was limited to business operations of the construction company in the states of Connecticut and New York, including such operations as were necessary, incident, and appurtenant thereto, and that it did not cover the decedent while working on the Vermont job. It was held, as to the casualty company, that its "obligation, if any, was determinable by the Compensation Law of the State of Vermont, and no award by a commissioner in Connecticut could in itself create liability under the Vermont Act." It was held that there was no error in the proceedings in the lower court. *Miller Bros. Construction Co.* v. *Maryland Casualty Co. et al.,* 113 Conn. 504, 155 Atl. 709.

After the decision in that case, the claimant brought this petition against the construction company and the casualty company to the commissioner of industries, in which she alleges, in substance, that following the fatal accident to her husband, proceedings were had before the proper compensation commissioner in the state of Connecticut, and an award of compensation was made to her against the construction company under the Compensation Law of that state; that the casualty company was a party to such proceedings, but no ruling was made there as to its claim that, since the contract of employment under which the decedent was working at the time of his injury was made in Connecticut, it was not the insurance carrier of the construction company as to such injury for cognizance by the

compensation commissioner under the Compensation Law of Connecticut; that the construction company, in compliance with that award, has paid hospital and doctors' bills to the amount of $1,058.16, and compensation to the claimant in amounts aggregating $2,562; that the claimant was entitled to compensation under the Compensation Law of Connecticut, and, since the injury occurred in Vermont, she was entitled to compensation under the Compensation Law of this State; that her rights, if determinable under the law of the state of Connecticut, are such that they can be reasonably determined and dealt with by the commissioner of industries and courts of this State, in which the casualty company, as insurance carrier, in either event, is liable to respond to an award by the commissioner of industries to the extent of the benefits given by the Compensation Law of this State; that the parties have not hitherto reached an agreement in regard to compensation.

The relief sought by the claimant is stated in the language of the commissioner as follows: ''The claimant's request marked A in substance asks that an award for the benefit of the employer and against the insurer be made to reimburse the employer for funds expended in compliance with the order of the compensation commissioner of Connecticut.

''The basis for the relief sought is expressed in the alternative in effect as follows: (1) That this case be treated as an original inquiry (a) as a proceeding for compensation under the law of this State, (b) as a proceeding for compensation under the law of Connecticut applied to and controlling the rights of the parties in this hearing; or (2) that the commissioner of industries give effect to the order of the compensation commissioner of Connecticut to the extent of the benefits given by the law of Vermont.

''The claimant asks that such an award be made against the insurer and (1) in favor of the claimant but payable to the employer 'in an amount equal to the amount of the payments heretofore made' by said employer to the claimant; or (2) in favor of the employer to the amount of said payments, and in favor of the claimant 'in an amount equal to the remainder of said benefits.' ''

The commissioner ruled, as to these requests, ''that the claimant is not entitled to receive an order from the commis-

sioner of industries granting the benefits of the Vermont Compensation Act, and to her personally as the dependent widow of James H. DeGray, deceased''; and, ''that neither the claimant nor the employer are entitled to receive the benefits provided by the Compensation Law of Connecticut through an order of the commissioner of industries.''

He ruled that the casualty company ''is liable under its said policy to indemnify the employer for expenditures paid to said widow in compliance with the order of the Connecticut compensation commissioner, said liability to be measured, however, by the liability created by the Vermont Compensation Law in like circumstances.'' He found that the liability created by the Vermont Compensation Law, and due at the time of his award, was $3,500, and he made an award that the casualty company should pay that amount to the construction company.

The commissioner has certified twenty-eight questions of law arising from this case for review by this Court, twenty at the request of the casualty company, and eight at the request of the claimant. These questions have not been briefed separately, so we do not give them separate consideration. Many of them involve the same question of law, and, for convenience and brevity, we group them in the form of contentions.

The parties agreed at the trial below that the commissioner might take notice of the law of the state of Connecticut and decisions relevant thereto without proof thereof, and the commissioner makes ''all pertinent Connecticut law'' a part of the record before us. We assume, in view of that agreement and the incorporation of the Connecticut law into the record, that it is the agreement of the parties that we shall take judicial notice of such statutory law of the state of Connecticut and the decisions of its highest court as we deem pertinent in the consideration of the questions before us, and we shall act accordingly. See *Brown, Admr.* v. *Perry,* 104 Vt. 66, 70, 156 Atl. 910, 77 A. L. R. 1294.

The casualty company contends that the commissioner lacks jurisdiction to entertain this proceeding.

█ Since the proceedings to administer the Workmen's Compensation Act are wholly statutory, the authority of the commissioner is limited to such powers as are conferred upon him by express legislative grant, or such as arise therefrom by

implication as incidental and necessary to the full exercise of the powers granted; and, while the act is to be liberally construed, the Court cannot, by construction, extend the authority of the commissioner beyond the powers expressly conferred or arising therefrom by necessary implication. *Bosquet* v. *Howe Scale Co.*, 96 Vt. 364, 368, 120 Atl. 171.

Our Workmen's Compensation Act is found in General Laws, chapter 241, §§ 5762-5831, inclusive.

■ ■ We think that the provisions of the act that, if an employer and an injured employee do not agree in regard to compensation payable under its provisions, the commissioner shall, on application of either party, hold a hearing, and make an award setting forth his findings and the law applicable thereto (G. L. 5802); that questions arising under the provisions of the act, if not settled by the agreement of the parties, shall, except as otherwise provided, be determined by the commissioner (G. L. 5802); and that either party may appeal from an award or decision of the commissioner to the county court, where a trial by jury may be had, or to the Supreme Court on questions of law (G. L. 5802, 5807, 5808), show clearly that it was the intent of the Legislature that the commissioner of industries shall have original jurisdiction to hear and determine all controverted questions of fact and law arising in the administration of the act, except as otherwise provided. It appears from the record that some of the questions before us involve the interpretation of certain provisions of the act. It not appearing that any other method is provided for hearing and determining the questions raised, we hold that the commissioner has jurisdiction to entertain this proceeding. The question whether he had the power to make the award against the casualty company will be considered later.

The casualty company contends (1) that when the deceased and the construction company entered into the contract of employment in Connecticut, the provisions of the Compensation Act of that state became a part of the contract of employment, and that under such provisions they renounced and waived all rights and claims arising out of the injury sustained by the decedent other than rights and claims given by part B of that act, which are the right of the claimant to receive, and the duty of the construction company to pay, compensation as provided

by that act; (2) that the rights of the claimant are to be determined exclusively by the Compensation Act of Connecticut; (3) that since the claimant invoked the Compensation Law of Connecticut for recovery of compensation for the injury suffered by the decedent in Vermont, and received an award under that law, she cannot recover compensation again under the Compensation Law of Vermont, even though it is for the benefit of, and payable to, the construction company; (4) that since the claimant and the construction company submitted themselves to the jurisdiction of the Connecticut compensation commissioner, and the claimant received an award of compensation under the provisions of the Compensation Law of that state, and the construction company has paid compensation to the claimant under that award, they made an election in the premises that is conclusive upon them in this proceeding.

The claimant contends that the commissioner of industries erred in his interpretation and application of the Connecticut Act; that the commissioner has full jurisdiction in the premises as a straight case of compensation, either as an original proceeding independent of the Connecticut Act, or of the proceedings before the Connecticut compensation commissioner, or, as a proceeding making the Connecticut award or the claimant's rights in Connecticut effective here under the Vermont Act as against the casualty company; that since the contract of employment was made in a foreign state to be performed wholly in this State, and the decedent received his injury in this State, his right to compensation is governed by the Compensation Act of this State.

The questions whether an employee who enters into a contract of employment in one state and receives an injury in another state is restricted, as to compensation for such injury, to the remedies provided by the Compensation Act of the state where the contract was made, or, if the employment comes under the provisions of both the act of the state where the contract of employment was made and the act of the state where the injury occurred, which state has jurisdiction to award compensation, have caused the courts a great deal of trouble, and the decisions are far from being harmonious.

Most of the states, including Vermont and Connecticut, have adopted Workmen's Compensation Acts of a type commonly

called elective. They are elective in that no person is compelled to submit to their provisions, but either the employer or the employee may adopt their provisions or retain his rights at common law. To induce the employer to elect to come under the provisions of the act, he is, in case of refusal, deprived of his common-law defenses of contributory negligence, assumption of risk, and negligence of a fellow servant, if the employee elects to come under the act (G. L. 5766), while the employee, if he elects not to come under the provisions of the act, and the employer elects to come under its provisions, must, in a common-law action for negligence, meet those defenses in addition to proving that his injuries were due to his employer's negligence (G. L. 5767). If both elect to come under the provisions of the act, and the employee suffers an injury arising out of and in the course of his employment, he is entitled to receive compensation for his injury, whether his employer was negligent or not, and even though his injury was due entirely to his own negligence or to that of a fellow servant, or was the result of pure accident.

In many of the states, including Vermont and Connecticut, the act provides that when the relationship of employer and employee exists, the parties are presumed to have accepted the act unless notice is given to the contrary. It is uniformly held in these jurisdictions that when the act has been accepted, either expressly or impliedly, by the parties to a contract of employment, its provisions are to be construed as being written into the contract; that the parties are bound by them as fully as if they had been specifically written into the contract; and that the *lex loci contractus* governs the construction of the contract and determines the legal obligations arising under it. *American Radiator Co.* v. *Rogge,* 86 N. J. Law, 436, 92 Atl. 85, 94 Atl. 85; *Frasca* v. *City Coal Co.,* 97 Conn. 212, 116 Atl. 189, 190; *Rounsaville* v. *Central R. R. Co.,* 87 N. J. Law, 371, 94 Atl. 392; *Grinnell* v. *Wilkinson,* 39 R. I. 447, 98 Atl. 103, L. R. A. 1917B, 767, Ann. Cas. 1918B, 618; *State ex rel. Brewen-Clark Syrup Co.* v. *Missouri Workmen's Compensation Commission,* 320 Mo. 893, 8 S. W. (2d) 897; *Pierce* v. *Bekins Van & Storage Co.,* 185 Iowa, 1346, 172 N. W. 191; *Gooding* v. *Ott,* 77 W. Va. 487, 87 S. E. 862, L. R. A. 1918D, 637; *State ex rel. Chambers* v. *District Court,* 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347; *Smith* v.

*Van Noy Interstate Co.*, 150 Tenn. 25, 262 S. W. 1048, 35 A. L. R. 1409; *Hulswit* v. *Escanaba Mfg. Co.*, 218 Mich. 331, 188 N. W. 411.

The Workmen's Compensation Act of this State provides that every contract of hiring, verbal, written, or implied, shall be presumed to have been made subject to its provisions, and that the parties thereto have elected to be subject to its provisions and to be bound thereby, unless either party indicates in the manner provided therein that its provisions are not intended to apply. G. L. 5765. This is the first time we have had occasion to consider this provision of the Vermont Act. We agree with the authority of the decisions to which we have just referred, and hold that when the Act is expressly or impliedly accepted by the parties to a contract of employment, its provisions become an integral part of the contract, and the parties are bound by them.

The provisions of the Connecticut Act in force at the time DeGray was injured are now found in chapter 280, General Statutes 1930. The act, so far as material here, provides that when any persons in the mutual relation of employer and employee have accepted part B of the chapter (which relates to compensation and administration), the employer shall not be liable to any action for damages on account of personal injuries sustained by an employee arising out of and in the course of his employment or on account of death resulting therefrom, but shall pay compensation therefor as provided therein; that the acceptance of part B by employers and employees shall be understood to include the mutual renunciation and waiver of all rights and claims arising out of personal injury sustained in the course of such employment, other than rights and claims given by part B; that all contracts of employment shall be conclusively presumed to include a mutual agreement between employer and employee to accept part B, and become bound thereby, unless either party refuses to accept the provisions of part B, sections 5226 and 5227.

In *Frasca* v. *City Coal Co., supra,* the Supreme Court of Errors said that when a contract of employment is entered into in Connecticut, the provisions of its Compensation Act become a part of the contract and the parties are bound by them; that "to them must be given the same force and effect that would

be given to the same provisions if they had been specifically written into a contract specially prepared, accepted, and signed by the parties without reference to the act.''

There is no express provision in the Connecticut act that when a contract of employment is made in that state to be performed without the state, an employee who sustains an injury in another state shall be entitled to compensation under its provisions, but it was held in *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 94 Atl. 372, L. R. A. 1916A, 436, that the act, not by direct expression, but by reasonable implication, when read in the light of its purpose, subject-matter, and history, indicated an intent that contracts of employment made in that state might operate outside its jurisdiction; and the rule in Connecticut now is that a contract of employment made in that state to be performed in another state, will be governed as to compensation for an injury occurring in such other state, by the Compensation Act of Connecticut, and, in the application of the rule, it is immaterial whether the contract is to be solely and specifically performed in a particular state other than where it is made, or whether it is to be partially or incidentally performed there. It is also held, as a corollary, that similar effect will be given to contracts of like character though made under a compensation act of another jurisdiction, provided they do not conflict with the law or public policy of the state of Connecticut. *Douthwright* v. *Champlin*, 91 Conn. 524, 100 Atl. 97, 98, Ann. Cas. 1917E, 512; *Harivel* v. *Hall-Thompson Co.*, 98 Conn. 753, 120 Atl. 603; *Pettiti* v. *T. J. Pardy Construction Co.*, 103 Conn. 101, 130 Atl. 70; *Falvey* v. *Sprague Meter Co.*, 111 Conn. 693, 151 Atl. 182; *Miller Bros. Construction Co.* v. *Maryland Casualty Co.*, 113 Conn. 504, 155 Atl. 709.

In *Banks* v. *Albert D. Howlett Company*, 92 Conn. 368, 102 Atl. 822, a case relied upon by the claimant, the contract was made in New York for services to be rendered in Connecticut where the injury occurred. It was held that the injured employee was entitled to compensation under the Connecticut Act. This case, so far as it differentiates between a contract of employment to be principally performed in another state, and one to be solely performed there, is expressly overruled in *Pettiti* v. *T. J. Pardy Construction Co.*, *supra*.

The commissioner of industries ruled in the trial below that, under the provisions of sections 5226 and 5227 of the Connecticut Act, the decedent renounced and waived all other rights arising out of the injury sustained by him in the course of his employment in Vermont, other than the rights given by part B of the Connecticut act; and therefore ''the claimant's rights to recover for the death of her husband are limited to such benefits as are provided by the Connecticut act, and the claimant is not entitled to recover under any other act or in any other manner.''

■ Since the claimant has only the same rights to compensation under the Vermont act that the decedent had (G. L. 5758, subd. II, 5763, 5774), the question raised by this ruling is, if the decedent, before his death, had applied for compensation under the Vermont act, would the commissioner have had jurisdiction to award such compensation to him.

The Compensation Act of this State provides that its provisions shall not apply to an employer and an employee unless prior to the injury they shall have so elected by agreement express or implied; that such agreement shall be a surrender of their rights to any other method, form, or amount of compensation or determination thereof than as provided therein, and shall bind the employee himself, his widow, the employee's widower, personal representative, and next of kin and dependents as well as the employer (G. L. 5763) ; and that the rights and remedies granted by its provisions to an employee on account of an injury for which he is entitled to compensation under its provisions, shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of such injury (G. L. 5774) ; that every contract of hiring, verbal, written or implied shall be presumed to have been made subject to the provisions of the chapter, unless there is a notice by either party, as provided by the act, that it is not intended that the provisions of the chapter shall apply, ''and it shall be presumed that the parties have elected to be subject to the provisions of this chapter and to be bound thereby.'' G. L. 5765.

The act also provides that if a workman hired ·in this State receives an injury outside the State arising out of and in the course of his employment, he shall be entitled to receive com-

pensation under the law of this State (G. L. 5770); and employers who hire workmen within the State to work outside of the State, may agree with such workmen that the remedies provided by the act shall be exclusive as regards injuries received outside the State by accident arising out of and in the course of such employment, and all contracts of hiring in this State shall be presumed to include such an agreement (G. L. 5774).

That the construction company was an "employer" and the decedent an "employee" as defined in both the Vermont and the Connecticut acts is not questioned.

The purpose of the Vermont act is to regulate the relation of employer and employee as to compensation for injuries received by the employee arising out of and in the course of his employment. It does not provide compensation for residents alone. Its language is not that of restriction or limitation, but is all-embracing. It applies to "every contract of hiring, verbal, written or implied," and this was intended to mean wherever and by whomsoever made, and to "all industrial employment," with certain exceptions not material here, carried on in this State "for the sake of pecuniary gain." G. L. 5758, subd. V, 5768; *Douthwright* v. *Champlin, supra.*

That this State has jurisdiction to regulate the conduct of industrial employment within its borders, and to prescribe as one of the conditions upon which performance of an out-of-state contract of hiring shall be permitted here, compliance with the provisions of our Compensation Act is well settled. *Interstate Power Co.* v. *Industrial Commission,* 203 Wis. 466, 474, 234 N. W. 889; *American Radiator Co.* v. *Rogge, supra; Douthwright v. Champlin, supra; Hagenback, etc., Show Co. v. Randall,* 75 Ind. App. 417, 126 N. E. 501; *Ginsburg* v. *Byers,* 171 Minn. 366, 214 N. W. 55; *Johns-Manville, Inc.* v. *Thrane,* 80 Ind. App. 432, 141 N. E. 229; *Chicago, R. I. & P. R. R. Co.* v. *Lundquist,* 206 Iowa, 499, 221 N. W. 228.

A person working under a contract of hire made in a foreign state does not become an employee under the provisions of our act until he renders service for his employer in this State under such contract. Until then he is not an employee and the terms of the act do not affect him and he is not bound by it. But as soon as he renders service for his employer

in this State under such contract, then the act enters and becomes a part of the contract. He is then bound by the provisions of the act and is entitled to compensation under its provisions for an injury sustained in this jurisdiction while rendering service under the contract. The decisions to which we have last referred are authority for this holding. In *Douthwright* v. *Champlin, supra,* the Supreme Court of Errors said:

> "The (Connecticut) Act applies to every natural or artificial person who enters upon a contract of employment. When such a contract made in another state is entered upon here, the act does not attempt to make a new contract for the parties. It merely makes provision for the incorporation of an additional term, either by the voluntary acceptance of the parties, or by the law assuming an acceptance in the absence of notice of refusal to accept. * * * The express acceptance of our act by these parties added its compensation features to their contract. In the absence of their refusal, the law would have added this to their contract; in either case it would have become a part of their contract."

In the case at bar, neither the construction company nor the decedent refused to accept the provisions of our Compensation Act. It therefore follows that when they entered upon the performance of their contract of employment in this State, the law added the provisions of our act to the contract; they became bound thereby, and the decedent was entitled to receive compensation under our act. We hold that the commissioner of industries had original jurisdiction in this case to award compensation under the Vermont act to the claimant, if she had first applied for the same.

This does not mean that we consider that the state of Connecticut has no jurisdiction to extend the benefits of its Compensation Act to an employee injured in the course of his employment in this State under a contract made in Connecticut. Our holding goes no further than that we construe our act as applying to an injury suffered in the course of his employment

in this State, without regard to the place of contract, when he and his employer have accepted its provisions.

It does not follow, however, that the commissioner should exercise his jurisdiction in all cases. It appears from the provisions of sections 5770 and 5774 of our act, to which we have referred, that the rule of this State is the same as that of Connecticut, in that a contract of hire made in this State to be performed in another state is governed, as to compensation for an injury occurring in such other state, by the Compensation Act of this State; and, when an employee is injured in this State while working under a contract made in another state, we will ordinarily, upon the principles of comity, or under the full faith and credit clause of the federal Constitution (*Bradford Electric Light Co.* v. *Clapper,* 286 U. S. 145, 76 L. ed. 1026, 52 Sup. Ct. 571, 82 A. L. R. 696), decline to take jurisdiction, and leave the parties to their remedies in the jurisdiction where the contract of employment was made, if it does not conflict with the law and public policy of this State. *Hopkins* v. *Matchless Metal Polish Co.,* 99 Conn. 457, 121 Atl. 828; *Barnhart* v. *American Concrete Steel Co.,* 227 N. Y. 531, 125 N. E. 675; *In re Spencer Kellogg & Sons* (C. C. A.), 52 Fed. (2d) 129, 134; *Scott* v. *White Eagle Oil & Refining Co.,* 47 Fed. (2d) 615; *Proper* v. *Polley,* 233 App. Div. 621, 253 N. Y. S. 530; *Darsch* v. *Thearle Duffield, etc., Co.,* 77 Ind. App. 357, 133 N. E. 525; *Hall* v. *Industrial Commission,* 77 Colo. 338, 235 Pac. 1073.

An important feature of our act, and of most acts, is the provision that the employer shall secure the payment of compensation to his employees by "insuring and keeping insured the payment of such compensation with any corporation authorized to transact the business of workmen's compensation insurance in this state." G. L. 5816, subd. I. It is obvious that the purpose of such insurance is not only to secure an injured employee against the financial irresponsibility of his employer, but also for the benefit of the employer by having the insurer assume his obligation to pay compensation. *Maryland Casualty Company* v. *Industrial Commission,* 198 Wis. 202, 221 N. W. 747, 223 N. W. 444; *Skuey* v. *Bjerkan,* 173 Minn. 354, 217 N. W. 358; *Werner* v. *Industrial Commission,* 212 Wis. 76, 248 N. W. 793; *Spratt* v. *Sweeney, etc., Co.,* 168 App. Div. 403, 153 N. Y. S. 505.

■■ It is the public policy of this State, as declared by our Compensation Act, that the liability of every employer to pay compensation to an employee injured in this State in the course of his employment shall be secured by insurance. So far as the act of another state permits a restriction in a policy of insurance issued under its provisions, which excludes an employee injured in this State, while working under a contract of employment made in that state, from its protection, it is in conflict with the public policy of this State. We think that in such exceptional cases, like the one at bar, where the employer has procured insurance in this State in accordance with the provisions of our act, the commissioner of this State should, if application is first made therefore, exercise his jurisdiction and award compensation under our act, so that no question can be raised as to the liability of the insurance carrier.

■ We also hold that since the claimant and the construction company submitted themselves to the jurisdiction of the Connecticut compensation commissioner, and the claimant received an award of compensation under the Connecticut Compensation Law, and the construction company has paid to her, and she has accepted, compensation under that award, the adjudication of the Connecticut compensation commissioner that the claimant was entitled to receive, and the construction company was liable to pay to her, compensation under the provisions of the Connecticut law, and the amount of such compensation, which were the questions litigated before him, are conclusive upon them in this proceeding. *Spaulding* v. *Mutual Life Ins. Co. of N. Y.*, 96 Vt. 67, 72, 117 Atl. 376.

■ There was no error in the ruling of the commissioner of industries that the claimant was not entitled to an original award of compensation under the Vermont act. The authorities do not agree as to whether a claimant can recover compensation under the act of the state where the contract of employment was made, and also under the act of the state where the injury occurred; but we think that the better rule is that a claimant can have but one recovery. *Minto* v. *Hitchings & Co.*, 204 App. Div. 661, 198 N. Y. S. 610; *Hughey* v. *Ware*, 34 N. M. 29, 276 Pac. 27. Since the claimant applied for and received compensation under the Connecticut act, she is estopped from recovering compensa-

tion for the same injury under the Compensation Act of this State.

The only other question which we consider, and it is the principal question in the case, is whether the commissioner had jurisdiction to make an award against the casualty company to indemnify the construction company for compensation paid by it to the claimant, and for other expenditures made by it, in compliance with the award made by the Connecticut compensation commissioner under the provisions of the Connecticut act, to the extent of the benefits provided by the Vermont act in like circumstances of dependency.

It is conceded by the parties that the claimant in this proceeding is only a nominal party, that the construction company is the real party in interest, and that this proceeding was brought to compel the casualty company to indemnify it for compensation paid by it to the claimant under an award made by a Connecticut compensation commissioner in accordance with the provisions of the Connecticut act

G. L. 5771 provides:

> "If a workman who has been hired outside of this state is injured while engaged in his employer's business, and is entitled to compensation for such injury under the law of the state where he was hired, he shall be entitled to enforce against his employer his rights in this state, if his rights are such that they can be reasonably determined and dealt with by said commissioner and the court in this state."

Counsel for the claimant argue that since, for the purposes of the act, the term "employer," if the employer is insured, includes his insurer so far as applicable (G. L. 5758, subd. I), this provision of the act is to be construed as giving the commissioner jurisdiction to enforce here against the insurer the employee's compensation rights against the employer under the law of the state where he was hired, for such rights have already been determined there, and also exist independently under our act, and can be reasonably dealt with by the court, not only as against the employer, but also as against the insurer, both of whom have expressly come under our act.

Conceding for the purposes of this case, but not deciding, that the provisions of G. L. 5771 are susceptible to the construction claimed by counsel, it must be borne in mind that we are not dealing now with the rights of an injured employee against his employer and the insurance carrier, but with the right of an employer to be indemnified by the insurance carrier for compensation paid by it under the compensation act of another jurisdiction.

At this point we consider briefly the status of an insurance carrier in our scheme of workmen's compensation. The liability of an insurance carrier under the provisions of our Compensation Law is more than that of an indemnitor; it is a primary liability to an injured employee. The law puts the burden of insurance upon the employer. No insurance company is required by law to insure the liability of an employer. It comes into the transaction voluntarily. But when it does insure such liability of the employer to pay compensation awarded under the provisions of our act, it thereby assumes the entire liability of the employer to pay such compensation. The measure of its liability under its policy and the statute is the employer's liability to the injured employee under the act. *Maryland Casualty Company* v. *Industrial Commission, supra; Skuey* v. *Bjerkan, supra.*

G. L. 5820 provides that every policy of insurance covering the liability of an employer for compensation, "shall contain a provision setting forth the right of the employees to enforce, in their own names, the liability of the insurance carrier in whole or in part for the payment of such compensation, either by filing a separate claim at any time or by making at any time the insurance carrier a party to the original claim; provided, however, that payment in whole or in part of such compensation by either the employer or the insurance carrier shall, to the extent thereof, be a bar to the recovery against the other of the amount so paid."

The insurance policy issued by the casualty company to the construction company contains terms, in compliance with the provisions of G. L. 5820, whereby it assumes the entire liability and obligation of the construction company to pay compensation to injured employees or their dependents under the provisions of the Vermont act, and which make its liability a direct

liability to injured employees and their dependents, and which also provide that the contract of insurance is made for the benefit of such employees or such dependents and is enforceable against the casualty company by any such employee or such dependent in his own name or on his own behalf, at any time and in any manner permitted by law, whether claims or proceedings are brought against the casualty company alone or jointly with the employer.

If the claimant had first applied in this jurisdiction for compensation, it cannot be questioned that she would have been entitled to compensation and other benefits under the Vermont act to the amount of $3,500, and that the casualty company would have been obligated to pay the same to her. But she elected to apply for compensation in Connecticut under the Connecticut act. She was awarded compensation under that act, and the construction company has paid such compensation to her. As we have hereinbefore said, she is estopped by that election from now claiming compensation under the Vermont act. That election discharged the construction company from any obligation to pay compensation to her under the Vermont act, and it also discharged the casualty company from its obligation to pay compensation to her, as the obligation it assumed in its policy, so far as injured employees and their dependents are concerned, was the obligation of the construction company to pay compensation under the provisions of the Vermont act. Furthermore, G. L. 5820 expressly provides that payment of compensation by an employer to an employee shall, to the extent thereof, be a bar to the recovery against the insurance carrier of the amount so paid.

We are unable to perceive any theory upon which it can be said that the commissioner of industries had the power to make the order in question. The construction company bases its right to indemnification for compensation paid by it to the claimant under the Connecticut act upon the right of the claimant to receive compensation under the provisions of the Vermont act. The commissioner held correctly that the claimant was not entitled to receive compensation under the Vermont act; and certainly the construction company cannot have any greater rights in this proceeding than the claimant had, and she had none.

The commissioner found: "This proceeding, from a practical standpoint, seems to resolve itself into an action by the employer and against the insurer upon a compensation policy." This is a correct statement of the situation.

There is no provision in the Vermont act that imposes liability upon the insurance carrier to indemnify the employer for compensation paid by him. If there is such a liability on the part of the insurance carrier, it must be found in the terms of the policy issued to the employer.

If the construction company is entitled under the terms of its policy to indemnification by the casualty company for compensation paid by it to the claimant under the Connecticut act, a question we do not pass upon, it must seek relief in some tribunal other than that of the commissioner of industries.

*Order vacated, and proceedings dismissed with costs. Let the result be certified to the commissioner of industries.*