THE MILLER BROTHERS CONSTRUCTION COMPANY *vs.* THE MARYLAND CASUALTY COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 8th—decided November 5th, 1935.

*Jacob Bresnerkoff,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellee (defendant).

BANKS, J. In 1929 the plaintiff was a Connecticut corporation engaged in road construction work on three separate jobs, two of them located in Connecticut and one in New York, on which it carried compensation insurance with The Indemnity Company of North America. In July of that year it was awarded the contract for the construction of a road in Vermont, and procured from the defendant company a compen-

sation policy which, as issued, covered its operations in Vermont under the compensation laws of that State. James DeGray, who had been working for the plaintiff on one of its jobs in Connecticut, was transferred by it in July, 1929, to its Vermont job, where he received injuries which resulted in his death in November of that year. His widow applied for compensation in this State, and an award was made requiring the plaintiff to pay medical and funeral bills and the sum of $21 per week for three hundred and twelve weeks, which it has paid and will continue to pay as it matures. The plaintiff brought an action against this defendant and The Indemnity Company of North America seeking to enforce payment of the award of the compensation commissioner but was denied recovery against either. *Miller Brothers Construction Co.* v. *Maryland Casualty Co.*, 113 Conn. 504, 155 Atl. 709. It was held that the liability of the Indemnity Company under its policy was limited to business operations in New York and Connecticut and those incident or appurtenant to such operations, and that the obligation of the Casualty Company (the present defendant) was that arising under the compensation law of Vermont, and that an award in this State under our act could not create a liability under the Vermont act.

In the present action the plaintiff seeks a reformation of the defendant's policy, claiming that by mutual mistake the policy as issued, which covered the obligation of the plaintiff for compensation for any injury under the workmen's compensation laws of Vermont, failed to express the real intention of the parties, which was that the policy should cover any such obligation under the compensation laws of both Vermont and Connecticut. It also claims that the policy as issued gave it only partial coverage as a

result of the fraudulent representation and the negligence of the defendant's agents. The following additional facts, relevant to these issues, appear from the finding: Boardman, the defendant's general agent in Vermont, solicited the compensation insurance for the plaintiff's operations in Vermont, and was instructed to issue a policy covering the liability of the plaintiff under the workmen's compensation law of Vermont, as a result of which the policy here involved was written. At that time one of plaintiff's jobs in Connecticut was nearing completion and six or eight men were transferred from that job to the Vermont job, which fact was known to Boardman. Boardman had several conferences with Miller, the plaintiff's president, regarding the contemplated insurance, in none of which was reference made to insuring plaintiff's liability under the compensation act of any other State than Vermont, and Boardman was informed by Miller that plaintiff's liability under the Connecticut compensation law was covered with The Indemnity Company of North America. The policy issued by the defendant was the standard form of policy under the laws of Vermont, and covered the operations of the plaintiff in Vermont under the compensation laws of that State. The trial court found that the policy was issued in accordance with the instructions of the plaintiff and that there was no mutual mistake of the parties with respect to it.

The plaintiff attacks the finding that Boardman was instructed to issue a policy insuring the liability of the plaintiff under the workmen's compensation law of Vermont, and seeks to have it corrected to state that it ordered from Boardman a policy giving it complete coverage for all its operations in Vermont. It appears from the evidence that both Miller and Boardman assumed that a coverage under the com-

pensation laws of Vermont would be a full coverage for the plaintiff's operations in that State, that neither of them had in mind the possibility of liability under the law of any other State by reason of the transfer of workmen from such State to the Vermont job, and that when the defendant issued and the plaintiff received the policy under the compensation laws of Vermont the one delivered and the other accepted the precise form of policy which both intended to have issued and which Miller had in mind when he instructed Boardman to write the policy. The finding is not subject to material correction and supports the conclusion of the court that there was no mistake which would justify the reformation of the policy.

DeGray was working for the plaintiff in Vermont, and though he was working under a Connecticut contract of employment, his death was compensable under the compensation law of Vermont and therefore within the coverage of this policy. *DeGray* v. *Miller Brothers Construction Co.,* 106 Vt. 259, 173 Atl. 556. Since under our law an employer may be liable for compensation to an employee even though the latter is injured in the performance of his duty outside the State, a situation arose where DeGray's dependents could claim compensation either in Vermont or Connecticut. The claim was made here and compensation awarded, but as already stated we held that no award made here could serve to create a liability under the Vermont law. In a subsequent action brought in Vermont the Supreme Court of that State held that, though compensation might have been recovered in that State if application had been made there first, claimant could not recover twice, nor could the employer recover from the Casualty Company since its rights were no greater than those of the claimant. *DeGray* v. *Miller Brothers Construction Co.,* 106 Vt.

259, 173 Atl. 556. The plaintiff could have covered its Vermont operations by an indorsement upon its policy with The Indemnity Company of North America. It elected to take out a new policy covering its liability under the compensation law of Vermont. That policy gave it complete coverage for all its employees on the Vermont job under the compensation law of that State, which is what the plaintiff really wanted and requested the agent of the defendant to procure. It was not the intention of the parties that it should cover any liability of the plaintiff under the compensation law of Connecticut which it was assumed was already covered by the plaintiff's policy with The Indemnity Company of North America. The court's conclusions that there was no fraud or negligence on the part of the defendant are supported by the subordinate facts.

There is no error.

In this opinion the other judges concurred.