Chapman v. Robert Spaulding Enterprises, Inc., No. 724-10-09 Rdcv (Cohen, J., Aug. 4, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 724-10-09 Rdcv** |

LEE R. CHAPMAN, SR.,
      **Plaintiff**

      **v.**

ROBERT SPAULDING ENTERPRISES,
INC., and ROBERT V. SPAULDING and
LORI LEA SPAULDING,
      **Defendants**

## DECISION ON PLAINTIFFS'S MOTION FOR SUMMARY JUDGMENT, FILED FEBRUARY 17, 2010

This is a collection action based on a debt for workers' compensation benefits. The plaintiff, Lee Chapman, Sr., seeks to recover from Robert Spaulding and Lori Spaulding because they are officers and majority shareholders of Robert Spaulding Enterprises, Inc. The plaintiff argues that it is undisputed that the defendants' company did not have workers' compensation insurance and that under Vermont law he should be able to recover against them personally. The defendants argue that Lori Spaulding should not be personally liable under the workers' compensation statute.

Plaintiff Lee Chapman, Sr. is represented by Stephen Cosgrove, Esq. Defendants Robert and Lori Lea Spaulding are represented by Theodore A. Parisi, Jr., Esq.

### Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the court accepts as true allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs*, *Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State*, 2003 VT 71, ¶ 2, 175 Vt. 397.

## BACKGROUND

Robert Spaulding Enterprises, Inc. is a Vermont corporation with its principal place of business in the town of Castleton, Vermont. Robert and Lori Spaulding are officers of the corporation. Robert Spaulding is the president. Lori Spaulding is vice-president and secretary of the corporation.

The plaintiff Lee Chapman, Sr. was an employee of Robert Spaulding Enterprises. In June 2005, Mr. Chapman suffered a work-related injury while on the job. The defendant corporation did not have workers' compensation insurance.

On August 31, 2005, the Vermont Department of Labor and Industry issued an Interim Order of Benefits, awarding Mr. Chapman temporary partial disability benefits. On December 9, 2008, another interim order was issued by the Department, awarding Mr. Chapman permanent partial disability benefits. Money benefits awarded by these two orders have not been fully paid to Mr. Chapman. On September, 24, 2009, the Department issued another interim order, determining that $23,142.84 was the overdue amount owed to Mr. Chapman, including interest and penalties.

As of February 1, 2010, Mr. Chapman alleges that he is owed $24,674.98. This amount includes the damages through September 1, 2009, interest at the legal rate from that point until February 1, 2010, court costs, and sheriff's fees. He now seeks to collect the debt from Robert and Lori Spaulding, personally, under the Workers' Compensation Act.

## DISCUSSION

Workers' compensation law represents a public policy compromise in which employees give up the right to sue their employers in tort, in return for which employers assume strict liability and an obligation to provide a speedy and certain remedy for work-related injuries. *Gerrish v. Savard*, 169 Vt. 468, 470 (1999).

Under 21 V.S.A. § 687(a), employers are required to secure compensation for their employees. The purpose of the requirement that employers will insure and keep insured payment of compensation is not only to secure injured employees against the financial irresponsibility of their employers, but also for the benefit of employers by having insurers assume their obligation to pay compensation. *De Gray v. Miller Bros. Const. Co.*, 106 Vt. 259, 276 (1934).

Here, defendant Robert Spaulding Enterprises did not carry workers' compensation insurance. When an employer fails to secure worker's compensation as required by statute and an employee reasonably believes that he or she has received a personal injury by accident arising out of and in the course of employment with that employer, then if the employer is a corporation the officers and majority stockholders of the corporation shall be personally liable for any worker's compensation benefits owed to the injured employee. 21 V.S.A. § 687(b)(1). Defendant Lori Spaulding holds two officer

3

positions with the corporation—vice-president and secretary.

Defendant Lori Spaulding argues that although she is a corporate officer, she should not be held personally liable for the workers' compensation debt because she didn't control any aspect of the business in which the corporation was engaged. She argues for the application of the "three-part inquiry" conducted in *Rock v. Dept. of Taxes*, 170 Vt. 1 (1999).

In *Rock*, the issue was whether an individual could be held personally liable for a corporation's delinquent trust taxes, especially those of a small, closely held corporation. 170 Vt. at 2. Under the relevant statute, in effect at the time of the dispute, "[a]ny person who fails to withhold the required tax or to pay it to the commissioner as required . . . shall be personally and individually liable for the amount of such tax; and if the person is a corporate entity, the personal liability shall extend . . . to any officer or agent of the corporation who as an officer or agent of the corporation is under a duty to withhold the tax and transmit the same to the commissioner . . . ." *Rock*, 170 Vt. at 4 (citing 32 V.S.A. § 5844(a)).

The Supreme Court adopted a three-part inquiry for analyzing whether an individual has a duty to remit trust taxes under the statute. The Court look at (1) the person's position within the power structure of the corporation; (2) the authority of the officer or employee as established by the articles of incorporation; and (3) whether the person actually exercised control over the finances of the business. *Rock*, 170 Vt. at 9-10 (citing *Dep't of State Revenue v. Safayan*, 654 N.E.2d 270, 273 (Ind. 1995); *State v. Equinox House, Inc.*, 134 Vt. 59, 60-61 (1975)).

The defendant now seeks to have this Court apply the *Rock* three-party inquiry in

4

deciding whether she should be held personally liable for the worker's compensation debt. She argues that the statute at issue in *Rock* is analogous to the worker's compensation statute, and therefore the three-party inquiry is appropriate. The Court does not agree.

The statute at issue in *Rock* applied to "any officer or agent of the corporation who as an officer or agent of the corporation is under a duty to withhold the tax and transmit the same to the commissioner . . . ." *Rock*, 170 Vt. at 4 (citing 32 V.S.A. § 5844(a)). Thus, the statue specifically applied only to certain corporate officers—those who had a duty to withhold and transmit taxes. The Legislature deliberately limited application to certain individuals.

This is not the case, however, under the worker's compensation statute, which provides that in the event a corporate employer fails to secure workers' compensation, "the officers and majority stockholders of the corporation shall be personally liable for any worker's compensation benefits owed to the injured employee." 21 V.S.A. § 687(b)(1). One of the reasons that Vermont requires employers to insure and keep insured payment of compensation is to secure injured employees against the financial irresponsibility of their employers. *De Gray*, 106 Vt. at 276. The Legislature did not limit liability only to those officers who have a duty to secure worker's compensation. By the terms of the statute, liability applies to all officers of the corporation. Thus, the Court finds the *Rock* three-part inquiry inapplicable.

It is undisputed that the plaintiff suffered a work-related injury while on the job. Furthermore, the defendant corporation did not carry workers' compensation insurance, and thus did not secure workers' compensation under 21 V.S.A. § 687. Finally,

5

defendant Lori Spaulding was vice-president and secretary of the defendant corporation during the period at issue. Therefore, defendant Lori Spaulding is personally liable for the workers' compensation benefits owed to the plaintiff under 21 V.S.A. § 687(b)(1). There is no genuine issue of material fact and the plaintiff is entitled to judgment as a matter of law under V.R.C.P. 56(c)(3).

## ORDER

Plaintiff Lee Chapman's Motion for Summary Judgment, filed February 17, 2010, is GRANTED.

Dated at Rutland, Vermont this _____ day of _____, 2010.


_____
Hon. William Cohen
Superior Court Judge