FLORENCE FALVEY *vs.* SPRAGUE METER COMPANY ET AL.

Third Judicial District, New Haven, June Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued June 6th—decided July 9th, 1930.

*S. Polk Waskowitz* and *Edward S. Pomeranz,* for the appellants (defendants).

*Frank L. Wilder,* for the appellee (plaintiff).

HAINES, J. The claimant is the widow of Edwin C. Falvey who was in the employ of the Sprague Meter Company. His employment began in October, 1911, in the company's factory in Bridgeport and continued there until March, 1912, when he took charge of a warehouse of the company at Davenport, Iowa, and so continued until February, 1914, and then acted as traveling salesman for the company in territory contiguous to Iowa until 1926 and thereafter in States east of the Mississippi River. He was married in 1926 and thereafter lived in Indianapolis, Indiana. The finding states that "in October, 1928, at the office of the . . . employer, in Bridgeport, the deceased was made sales manager, and arrangements were made for him to move to Bridgeport and take over these duties on January 1st, 1929, which time was later extended to March 1st, 1929." The respondents take exception to this finding claiming it is found "without evidence." The record is confused and not in proper form, but enough appears to satisfy us that the finding should stand as made by the commissioner. It was a part of the duties of the deceased to attend conventions all over the United States and to make daily reports to the employer at Bridgeport and personal reports two or three times a year. All orders to the deceased as well as his salary checks were sent to him from the home office in Bridgeport.

The main contention of the respondents is that because the contract of employment was entered into prior to the enactment of our Compensation Act and because the deceased was not a resident of Connecticut, the compensation commissioner in this State was without jurisdiction in this case and could not lawfully make an award. The respondents are in error in as-

suming that jurisdiction of claims under Workmen's Compensation Acts is conferred by residence of the employee. This was a Connecticut contract and in fact when made both parties thereto were residents of this State. The fact that the duties of the employee thereunder required him thereafter to travel and to live outside this State in no way changed its character as a Connecticut contract, and our courts were open to either or both the parties thereto for the enforcement of its provisions and it clearly came within the purpose and the provisions of our Compensation Act when the latter went into effect.

The Act did not attempt by compulsion to change any rights or liabilities of the parties under existing contracts but left its adoption and the incorporation of its provisions subject entirely to the will of the parties either of whom could, if he desired, refuse to accept the terms of Part B of the Act. This refusal was not indicated by either party to the present contract and the provisions of the Act thus by clear implication and conclusive presumption, became a part of this contract. Our Act provides compensation under a contract made in Connecticut though performed outside the State, the purpose being that contracts made here may operate outside our jurisdiction. It does not provide compensation for residents of this State only. It gives compensation for "any injury" thus furnishing both residents and nonresidents the benefit of its provisions. *Douthwright* v. *Champlin,* 91 Conn. 524, 526, 527, 100 Atl. 97. Were this an action in tort, the place of the injury would determine the right of recovery. But this is a contract action, and a contract for services to be performed outside the State is governed by the compensation and other laws of the State where the contract is made. *Hopkins* v. *Matchless Metal Polish Co.,* 99 Conn. 457, 464, 465, 121 Atl. 828, and cases

cited; *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 372, 373, 94 Atl. 372.

We have uniformily held that injuries occurring outside the State under contracts made in this State are compensable under our Act. *Pettiti* v. *Pardy Construction Co.*, 103 Conn. 101, 130 Atl. 70; *Harivel* v. *Hall-Thompson Co.*, 98 Conn. 753, 120 Atl. 603; *Douthwright* v. *Champlin*, 91 Conn. 524, 100 Atl. 97; *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 94 Atl. 372. It is urged by the respondent that the employee being a nonresident when our Act went into effect "Connecticut . . . could not bind the deceased . . . when he was not a resident of or domiciled in Connecticut," as he cannot be presumed to have known of the enactment of our Act and to have acquiesced in such modification of the contract as if he had been a resident in our jurisdiction. It will be presumed that both parties to a Connecticut contract accepted its provisions in the absence of objection from either. This presumption is conclusive, so far at least as the respondent is concerned. Whether it is conclusive or merely prima facie as to the nonresident employee, we need not decide. The presumption obtains in the absence of anything to the contrary and nothing of that character is disclosed in this case.

Whether the deceased was at the time of his injury working as a salesman of the respondent under his original contract or as sales manager under the later contract becomes unimportant when it is recognized that both are Connecticut contracts and within the jurisdiction of this State.

The appeal raises no question but that the injury arose out of and in the course of the employment and the respondents in their brief impliedly concede that this is true. The commissioner found that while on his way to the gas company in Greenville, Ohio, on

January 3d, 1929, the employee received fatal injuries by being thrown from an automobile; that he was then an employee of the defendant Meter Company, and on January 3d, 1929, received injuries "arising out of and in the course of his employment."

We find no question raised by this appeal which could adversely affect our conclusion that the compensation commissioner of this State had jurisdiction and we confirm the action of the Superior Court in dismissing the appeal and sustaining the award.

There is no error.

In this opinion the other judges concurred.