In the Matter of the Claim of LOUIS DePACE, Respondent, against HINKLE STEEL CONSTRUCTION CO., INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant, while employed as a structural iron worker, on November 8, 1930, while attempting to lift a dolly bar, of about thirty or forty pounds, suffered a right sacroiliac strain which caused his disability. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of PETER HUSGEN, Respondent, against GENERAL ELECTRIC COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant was required to report each day for work. On the day of the injury he had been told that there would be no work that day. He received his injury on the premises and while going to the welfare department of the employer to discuss the obtaining of a loan. The employer admits that he was injured in his regular employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of AUGUST NEU, Respondent, against GENERAL ELECTRIC COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— Claimant sustained a hip injury resulting in an arthritic condition, and disabling pain in the back, so that he has sustained a permanent partial disability. The injury was to the hip and ran to the leg itself. The appellant claims that the claimant should have been granted a schedule award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of THE INDUSTRIAL COMMISSIONER, Arising Out of the Death of EDWARD W. PEIFFER, Respondent, against UNDERWOOD, ELLIOTT FISHER COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claim by Industrial Commissioner to recover $500 for the special fund under subdivision 8 of section 15 of the Workmen's Compensation Law, and $500 for the vocational rehabilitation fund under subdivision 9 of section 15. The employee resided and was killed in New Jersey. The employer maintained its office in New York. The employee received his instructions and his wages from the New York office and rendered his reports to the New York office. His duties as repair man of machines manufactured by the employer called him into the State of New Jersey mainly, but when there was no work for him in New Jersey then he was assigned to the same duty in New York. The question is whether the New York State Industrial Board had jurisdiction. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.