In the Matter of the Claim of AMOS WAGONER, Respondent, against BROWN MANUFACTURING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of compensation under the Workmen's Compensation Law. Claimant was injured while driving an automobile near Gainesville, Va., and for these injuries he has

been awarded compensation. He was a resident of the State of North Carolina, employed as a traveling salesman by the Brown Manufacturing Company, whose sole office and principal place of business is located at LeRoy, N. Y. He was originally employed by mail. His territory consisted of the States of West Virginia, Virginia, Maryland, Delaware and the District of Columbia. He did not at any time travel or do any business within the State of New York. All instructions were sent to him from the employer's office at LeRoy and all reports and remittances were made by him to that place. He kept his employer advised by daily reports of his activities and his movements about his territory were directed and controlled by the employer from LeRoy. The employer disposed of its wares only through traveling salesmen. On the day of the accident claimant was driving from his home back to his territory. His immediate object was to procure license plates for his automobile which he used with the employer's knowledge and consent and also to call upon a prospective customer. The Industrial Board has found that the employment was not confined to a fixed place outside of the State of New York and that it was consummated and located within New York. The appellants raise two questions, that of extraterritorial jurisdiction and whether the injuries were received while in the course of the employment. Award affirmed, with costs to the State Industrial Board. Rhodes, Acting P. J., McNamee, Bliss and Heffernan, JJ., concur. Crapser, J., dissents, with a memorandum. Crapser, J. (dissenting): This is a case where the employer was engaged in the manufacturing and sale of medicine in LeRoy, N. Y. The claimant was employed by correspondence, he never came to the New York office and while he was traveling in the south the injury occurred for which the claim is made and stress is laid on the case being similar to *Matter of Hospers* v. *Smith Co.* (230 N. Y. 616). In that case the contract was made in Rochester, the man came to Rochester and spent some time, being instructed in the business. Here we have a case where by correspondence alone a contract is made for a man to serve entirely outside of the State of New York, who has never been in the State and who is not a resident of the State. If we hold this claim valid in my opinion it is giving to the Workmen's Compensation Law an interpretation that was never intended and I, therefore, vote to reverse the award and dismiss the claim, with costs against the State Industrial Board.