In the Matter of the Claim of U. G. CUNNINGHAM, Respondent, against GOOD MANUFACTURING COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The appellant claims that the Industrial Board was without jurisdiction to award compensation to this claimant under the Workmen's Compensation Law of the State of New York. The claimant answered an advertisement in a newspaper for a sales representative in the vicinity of Washington, D. C. He was requested by the employer to appear at their general office in New York and was there employed and given a sales training course and after completing the sales training course he was assigned in the States of Maryland, Virginia, North Carolina and the District of Columbia. He received his orders from New York, made all his reports to the employer's office in New York and was paid from the New York office. The employer had no factory or business office outside of New York. The claimant's duties were those of a traveling salesman. He came to New York for meetings the company held for their salesmen. The State Industrial Board was vested with jurisdiction over the claim. (Matter of Hospers v. Smith Co., 230 N. Y. 616.) Award unanimously affirmed, with costs to the State Industrial Board, on the authority of Matter of Hospers v. Smith Co. (230 N. Y. 616). Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

In the Matter of the Claim of TILLIE SINGER, Appellant, against DENMAN & HERNES, INC., and Another, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal from decision of State Industrial Board disallowing claim for death benefits under the Workmen's Compensation Law. The Industrial Board has found that the deceased employee did not sustain an accident. It was alleged that while carrying a case of eggs he suffered a heart attack, fell, and death resulted. Decision unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.