**GUTOWITZ v. PENNSYLVANIA R. CO. et al.**

**Clv. No. 3643.**

District Court, E. D. Pennsylvania.

Jan. 25, 1946.

See also 7 F.R.D. 144.

Freedman, Landy & Lorry, and Abraham E. Freedman, all of Philadelphia, Pa., for plaintiff.

J. Paul Erwin and W. Glenn George, both of Philadelphia, Pa., for Liberty Mut. Ins. Co.

KENNEDY, Judge (assigned).

In this case, Liberty Mutual Insurance Company is an applicant by motion to intervene as party plaintiff. The situation is developed by reason of the fact that the Insurance Company is by a Workman's Compensation contract, paying compensation insurance to the plaintiff in connection with an injury which the plaintiff is alleged to have sustained and out of which grows this suit for the recovery of damages. The application is resisted in behalf of plaintiff.

The Insurance Company urges its right under Rule 24, F.R.C.P., 28 U.S.C.A. following section 723c, and the fair construction of the Rule would seem to justify a recognition of the right to intervene because the Insurance Company is mutually interested in a recoupment of its compensation payments to the plaintiff out of any damages which may be recovered from the defendant.

Were this the only situation appearing in the case, it would not be complicated. However, by pleadings which have not been controverted, it appears that the same Insurance Company here seeking intervention is likewise a surety for the defendant company in which it stands to be responsible for any damages which the defendant company may suffer growing out of plaintiff's successful prosecution of his claim. In this respect, therefore, the applicant for intervention has an interest in recouping through plaintiff's suit the amount which by contract it is paying him by way of compensation and at the same time it stands in the shoes of the defendant company in an endeavor to minimize the amount of such recovery. I have found no satisfactory way to harmonize this situation in permitting the Insurance Company to become an intervening plaintiff and still permit the plaintiff to prosecute his claim in an unhampered and unrestricted manner. Once the Insurance Company becomes by intervention a joint party plaintiff it is doubtful whether the Court would have such a control of the intervening plaintiff as to limit its operations in the trial of the lawsuit.

Counsel have cited no cases in which this particular situation has heretofore arisen and the limited time afforded for consideration of the motion has given no opportunity for independent research.

Counsel for the Insurance Company evince great fear that in the event the recovery by plaintiff in this suit should not exceed the amount of the contractual compensation, then the plaintiff's counsel would be entitled to an allowance for his services

out of the amount recovered, thereby amounting to a double payment on the part of the Insurance Company. It is possible that in the event this circumstance should develop, the trial Court might be able to adjust the equities of the situation, but if not, even this does not overcome the inconsistent position presented by 'which the Company would virtually become at one and the same time a plaintiff and defendant in the same case. Usually, in matters of intervention, the Court should exercise its discretion and it would seem that this should be one of those times.

For the reasons stated, the application for intervention by the Liberty Mutual Insurance Company will be overruled and denied and an order will be entered accordingly.