**OHLHAVER v. NARRON.**

No. 6382.

United States Court of Appeals
Fourth Circuit.

Argued March 11, 1952.

Decided March 29, 1952.

J. C. Moore, Jr., and S. W. Ruark, Raleigh, N. C. (Robert Ruark, Raleigh, N. C., and L. H. Gibbons, Wilson, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is a civil action instituted in the United States District Court for the Eastern District of North Carolina, seeking damages for personal injuries growing out of an automobile-truck collision, which occurred in Wilson County, North Carolina, on March 2, 1950. Plaintiff was riding in an automobile being operated by William J. Graham, deceased. The complaint alleges that the plaintiff's injuries were caused by the joint and concurring negligence of William J. Graham, deceased, the operator of the automobile in which the plaintiff was riding, and Walter Ronnie Moore, the operator of the truck; and that the defendants are liable to him as joint tort feasors.

The defendant, Talmadge L. Narron, Administrator of William J. Graham, deceased, answered, denying negligence on the part of his intestate and alleging as a second defense that both the plaintiff and Graham were employed by the Merchants Fire Insurance Company of New York; that at the time of the collision both the plaintiff and the said Graham were acting within the course and scope of their mutual employment and such injuries, if any, as the plaintiff sustained were occasioned by accident arising out of and in the course of their mutual employment and that the plaintiff is bound by the Workmen's Compensation Act of the State of New York, McK.Consol.Laws, c. 67, including section 29, subsection 6 thereof, which is as follows:

> "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

Further, it was set up in this answer that the plaintiff has filed claim under

Cyrus F. Lee, Wilson, N. C. (Gardner, Connor & Lee, Wilson, N. C., on the brief), for appellant.

the Workmen's Compensation Act of New York and has been paid compensation thereunder and that the plaintiff is thereby barred from proceeding against said answering defendant.

Plaintiff in reply denied the allegations of this defendant's second defense and demanded a jury trial on the issues raised by the pleadings. Subsequently, this answering defendant filed a motion for summary judgment based upon his second defense. At the hearing on this motion, he introduced in support thereof the depositions in the record. In opposition, the plaintiff introduced his personal affidavit. The District Court entered summary judgment dismissing the action as to the defendant Administrator. Plaintiff appealed to this Court.

Two questions are presented to us on this appeal: (1) Should the Workmen's Compensation Act of New York be applied by a federal court sitting in North Carolina to define or limit the remedies for torts committed in North Carolina; and (2) If so, is there a substantial question of fact here which requires submission to a jury and thus precludes a summary judgment for defendant. The District Judge answered the first question in the affirmative, the second question in the negative. In each instance, we think he was correct, so the judgment below must be affirmed.

■ The question of fact is whether plaintiff and Graham, at the time of the accident, were both engaged in the service of their employer and were, therefore, fellow servants. On this point the District Judge said:

"Both plaintiff and Graham were salaried employees of the Merchants Fire Assurance Corporation of New York, a New York Corporation with principal offices in New York. They were in North Carolina attending to the Company's business, and the automobile trip in progress at the time of the collision was taken in the interest of the employer's business.

"Both Graham and plaintiff had been sent to North Carolina by their employer to further their employer's business, and they had attended a hearing before the North Carolina Insurance Commission on the day prior to the accident. At the time of the accident Graham and plaintiff were riding in an automobile furnished to them by their superior, a Vice-President of their employer. * * * At the time of the collision with another vehicle, Graham and plaintiff were en route to Raleigh, North Carolina, from Greenville, North Carolina, where they had travelled for the purpose of permitting plaintiff to make calls on agents of the employer. These facts show that Graham was on the business of the employer at the time he was killed. Admittedly, the plaintiff was on his emloyer's business."

There is no suggestion in the record that the automobile, at the time of the accident, was being used for the purely personal concerns of either Graham or the plaintiff and the record discloses ample support for these findings and conclusions of the District Judge.

■ We think the District Judge, having rightly found that plaintiff and Graham were fellow servants, was further correct in holding that plaintiff, who received benefits under the Workmen's Compensation Act of New York, was barred by that Act from bringing an action in a federal court in North Carolina against Graham, plaintiff's fellow employee.

It is quite clear that the provisions of the New York Act preclude one, accepting benefits under the Act, from bringing an action against a fellow servant. Thus Section 29, Subdivision 6, of this Act, reads:

"The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of *another in the same employ*." (Italics ours.)

The corresponding provision of the North Carolina Workmen's Compensation Act is N.C.G.S. § 97–9:

"Every employer who accepts the compensation provisions of this article shall secure the payment of compensa-

tion to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee who elects to come under this article for personal injury or death by accident to the extent and in the manner herein specified."

The courts of North Carolina have consistently held that one accepting benefits under the North Carolina Act is barred from a further suit against a fellow servant whose negligence caused the injury. Warner v. Leder, 234 N.C. 727, 69 S.E.2d 6; Essick v. City of Lexington, 232 N.C. 200, 60 S.E.2d 106; Bass v. Ingold, 232 N.C. 295, 60 S.E.2d 114; Burns v. Carolina Power & Light Co., 4 Cir., 193 F.2d 525. Thus, in this respect, the policies of New York and North Carolina are similar.

In numerous cases, the New York courts have applied the Workmen's Compensation Act of that State to claims for injuries sustained outside that State. Industrial Commissioner v. Underwood-Elliott, Fisher Co., 243 App.Div. 658, 276 N.Y.S. 519; Wagoner v. Brown Manufacturing Co., 249 App.Div. 886, 292 N.Y.S. 599, affirmed in 274 N.Y. 593, 10 N.E.2d 567; Cunningham v. Good Manufacturing Co., 249 App. Div. 898, 292 N.Y.S. 605; Flinn v. Remington Rand, 251 App.Div. 578, 297 N.Y.S. 899, affirmed in 277 N.Y. 641, 14 N.E.2d 199.

Very closely in point here is the opinion of Mr. Justice Brandeis, in Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026. We quote a head-note from that case, 286 U.S. at page 146:

"4. Through a contract made in Vermont, an employer domiciled and having its principal place of business there, and its employee, also a resident of that State, tacitly accepted the Vermont Workmen's Compensation Act, which provides that injury or death of an employee suffered in Vermont or elsewhere in the course of his employment, shall be compensated for only as by the Act provided, without recourse to actions based on tort, which it expressly excludes. The employee died of an injury he received while casually in New Hampshire about the employment, and left no New Hampshire dependents. Held:

"(1) That the Vermont statutory agreement is a defense to the employer against an action for death by wrongful act, brought in New Hampshire, in the federal court, by the personal representative of the deceased employee. * * *

"(2) Refusal to recognize such defense is a failure to give full faith and credit to the Vermont statute, in violation of Art. IV, § 1, of the Federal Constitution."

In this case said Mr. Justice Brandeis, 286 U.S. at pages 157–158, 52 S.Ct. at page 575:

"Workmen's compensation acts are treated, almost universally, as creating a statutory relation between the parties —not, like employer's liability acts, as substituting a statutory tort for a common-law tort. * * * The relation between Leon Clapper and the company was created by the law of Vermont; and as long as that relation persisted its incidents were properly subject to regulation there".

See, also, Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149; "Workmen's Compensation and the Conflict of Laws," 11 Minn.L.Rev. 329.

Of the two States whose interests are here concerned (New York and North Carolina), we think New York is more intimately concerned; for it was there that the employer resides, the employment contract was there entered into, and it was from there that the activities of the plaintiff were directed. The employer has secured its workmen's compensation liability by procuring a policy of insurance which contained an endorsement covering injuries sustained in any state. Since its interests are superior, the Compensation Act of New York is a bar to a common law action by an employee against a fellow servant in any other jurisdiction.

Since the plaintiff applied for, and "received, benefits under the New York Workmen's Compensation Act," we are not

called upon to decide whether the plaintiff might have elected to receive benefits under the North Carolina Act rather than under the New York Act. Had such an election been made, however, and had benefits been received under the North Carolina Act, it is crystal clear (as has already been indicated) that the instant civil action would have been barred.

The judgment of the District Court is affirmed.

Affirmed.