**Thurston GREENE, Administrator of the Estate of Einar A. Petterson, deceased,**

v.

**Stephen J. VERVEN and Tribro Drive-It-Yourself, Inc.**

**Civ. A. No. 7706.**

United States District Court
D. Connecticut.

Oct. 1, 1959.

See also 203 F.Supp. 607.

Thurston Greene, Greene & Cook, Torrington, Conn., for plaintiff.

Schofield, Fay & Courtney, Hartford, Conn., for defendant Verven.

Francis J. Moran, New Haven, Conn., for defendant Tribro.

J. JOSEPH SMITH, District Judge.

This is an action by the Administrator of the Estate of Einar A. Petterson under the Connecticut Wrongful Death Statute, R.S.1958, Sec. 52–555, G.S. of Conn., to recover damages for the wrongful death of the plaintiff's decedent alleged to have been caused by the defendant Verven's negligent operation of an automobile in which plaintiff's decedent was a passenger. Recovery is also sought against the defendant, Tribro Drive-It-Yourself, Inc., the lessor of the automobile, under R.S.1958, Sec. 14–154, G.S. of Conn.

Petterson suffered injuries in Connecticut while riding in the automobile driven by the defendant Verven and died in Connecticut two months later as a result. Petterson and Verven were fellow employees of Daystrom Corporation, a New Jersey corporation, and were traveling from Woods Hole, Massachusetts, through Connecticut, to Poughkeepsie, New York when the accident occurred. The automobile had been leased to the Daystrom Corporation by the defendant Tribro, a New York corporation, and was being operated by Verven, with Daystrom's permission. Defendant Verven has answered with a special defense claiming that he and Petterson were fellow employees subject to the New York Workmen's Compensation Act, Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, § 1 et seq., that said act does not permit an action against a fellow employee and since said act provides that the remedies therein are the exclusive remedies of the employee, this action is barred. Defendant Tribro has raised two defenses in its answer: first, that the complaint fails to state a cause of action as against Tribro, and secondly, that the action is barred for the same reason as asserted by Verven. Plaintiff has made a motion to strike the defenses as insufficient pursuant to Rule 12(f) F.R.Civ.P., 28 U.S.C.A.

It first must be noted that the plaintiff has made his motion to strike more than twenty days after the date on which the responsive pleadings of the defendants were served. Rule 12(f) provides that the motion to strike must be made within twenty days after service of the responsive pleading and also states that the court, on its own initiative, may at any time strike an insufficient defense. Here, the court will rule on the sufficiency of the defense since the issue must be ultimately decided and a timely ruling at this point is warranted.

The main question presented is as follows: Where an employee of an out-of-state corporation brings an action in a Federal Court in Connecticut against a fellow employee under the Connecticut Wrongful Death Statute for injuries and death occurring in Connecticut, is such an action barred by the fact that the fellow employees are subject to a foreign workmen's compensation act which does not permit an action against a fellow employee and provides that the remedies under the act are the sole and exclusive remedies of the employee?

In answering this question, we are bound to apply the law prevailing in the Connecticut courts including the conflict of laws rules as they are applied there. Klaxon Co. v. Stentor, 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. Connecticut would not be bound by the Full Faith and Credit Clause of the Federal Constitution to apply the New York law and the New York Workmen's Compensation Act. In this type of case, the state in which the wrong is committed is free to apply its own internal tort law if there are policies and interests of the state to be maintained. Carroll v. Lanza, 1955, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183. While the Connecticut courts have not directly passed on the question at bar, there are guides by which we may proceed.

In deciding the law to be applied in a tort action, the rule in Connecticut is that the place of injury or impact determines the right of recovery and the existence of the cause of action. Kennerson v. Thames Towboat Co., 1915, 89 Conn. 369, 372, 94 A. 372, L.R.A.1916A, 436; Orr v. Ahern, 1927, 107 Conn. 174, 139 A. 691; Schaeffer v. O. K. Tool Co. Inc., 1929, 110 Conn. 528, 148 A. 330; Ryan v. Scanlon, 1933, 117 Conn. 428, 430, 168 A. 17; Gondek v. Pliska, 1949, 135 Conn. 610, 613, 67 A.2d 552; Bohenek v. Niedzwiecki, 1955, 142 Conn. 278, 113 A.2d 509. In Hopkins v. Matchless Metal Polish Co., 1923, 99 Conn. 457, 121 A. 828, it was said:

"A contract of employment made in a foreign state to be performed in Connecticut will be governed *as to compensation to an employee injured in Connecticut* by the compensation act of the foreign juris-

diction provided the act be contractual in character, and gives compensation, and that the court of its jurisdiction construe the act as having extraterritorial effect." Emphasis added)

If this rule were to be applied to the case before us, it would seem that the New York act would apply provided all the stated requisites were met. However, as stated in the rule, it only applies as to a question of compensation as where an employee applies for compensation in Connecticut and the question arises as to whether his rights are governed by an out-of-state compensation act. We are now concerned with a tort action, not with a claim for compensation. Therefore, we must ask whether the same rule would be applied in a tort action by an employee subject to a foreign compensation act for injuries sustained in Connecticut. In Falvey v. Sprague Meter Co., 1930, 111 Conn. 693, 151 A. 182, the Connecticut Supreme Court of Errors was called upon to decide whether an employee under an employment contract made in Connecticut could present a compensation claim under the Connecticut Compensation Act for an injury sustained in another state during the course of employment. The court decided that the Connecticut Act would be given extraterritorial effect and further stated:

"Were this an action in tort, the place of injury would determine the right of recovery. But this (compensation claim) is a contract action and a contract for services to be performed outside the state is governed by the compensation and other laws of the state where the contract is made."

Thus, apparently Connecticut would not decide a tort action in this type of case under the same rule as would be applied in the case of a claim for compensation. The law of the place of injury determines the right of recovery in a tort action. Therefore, in deciding such a case as we have before us, we would not be controlled by contract law so as to require the application of the New York Act.

Since Connecticut, under its conflict of laws rule, would apply the internal tort law of the place of injury to determine the right of recovery, we now look to the policy considerations which have been given consideration with respect to a tort action by an employee against a fellow servant. By enacting the Workmen's Compensation Law in Connecticut, the Legislature did not abrogate the right of an employee to bring an action against a fellow servant for injuries sustained in the course of employment. The Supreme Court of Errors has had occasion to discuss the retention of this common law right. It was said:

"It is clear that it was not the intention of the Legislature that the wrongdoer should benefit by the payments of compensation made to an injured employee by the employer." Stulginski v. Cizauskas, 1939, 125 Conn. 293, 5 A.2d 10.

Thus, we have a policy favoring the allowance of an action by an employee against a fellow employee wrongdoer. There is no question that the state has an interest to insure that an injured employee from a foreign state has a remedy for injuries sustained by him within the state. Otherwise, such persons might become wards of the state due to their loss of earning power and inability to pay medical costs and other expenses connected with the injury. The state also has an interest in applying its tort law as a means of setting a standard of conduct within the state. Similar considerations have been relied upon by other states in applying their tort law in cases where an employee was covered by a foreign Compensation Act. Carroll v. Lanza, supra; Sheerin v. Steele, 6 Cir., 1957, 240 F.2d 797.

We are referred to cases from other jurisdictions where under similar fact situations it was held that the tort action in the state of injury was precluded by the compensation act of the employment

contract state. Ohlhaver v. Narron, 1952, 195 F.2d 676, CA, 4; Stacy v. Greenberg, 1952, 9 N.J. 390, 88 A.2d 619.

In the Ohlhaver case, the court relied on the decision in Bradford Electric Light Co. v. Clapper, 1932, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, where it was decided that the Full Faith and Credit Clause required that the state of the injury apply the provisions of the Compensation Act of the employment contract state. However, the view in Bradford was substantially restricted in Alaska Packers Ass'n v. Industrial Accident Commission, 1934, 294 U.S. 532, 55 S. Ct. 518, 79 L.Ed. 1044; and Pacific Employers Insurance Co. v. Industrial Accident Commission, 1939, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; and finally was impliedly overruled in Carroll v. Lanza, decided in 1952.

In Stacy v. Greenberg it was stated that there was no policy in New Jersey opposed to the application of the New York Compensation Law to a tort action brought in New Jersey. It was felt that as a matter of comity, New Jersey would apply the New York Act. The court also discussed the Full Faith and Credit requirements but did not do so in light of the Carroll case which was decided three years later.

In the present case, the Connecticut conflicts rule refers us to the internal tort law of Connecticut as being controlling. Under this law, the plaintiff is given a right to sue a fellow servant for injuries and death sustained here as a result of the latter's negligence. There is a definite policy of the state favoring the allowance of such an action and the state has governmental interests to support such an action.

It is therefore probable that the Connecticut courts would decide that the plaintiff here has stated a cause of action and is not precluded from maintaining this action by the New York Workmen's Compensation Act, and we so hold.

It follows that the action against Tribro is equally maintainable for if liability is found on the part of the operator, Verven, the lessor, Tribro is made liable to the same extent by statute. Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co. Inc., 1954, 141 Conn. 539, 107 A.2d 406.

The motion to strike the special defenses is granted.