Thurston GREENE, Administrator of the Estate of Einar A. Petterson, Deceased, Plaintiff,

v.

Stephen J. VERVEN and Triboro Drive-It-Yourself, Inc., Defendant and Third-Party Plaintiff,

v.

DAYSTROM ELECTRIC COMPANY, Third-Party Defendant.

Civ. No. 7706.

United States District Court
D. Connecticut.

March 22, 1962.

Thurston Greene, of Greene & Cook, Torrington, Conn., and Philip R. Shiff, New Haven, Conn., for plaintiff.

Walter Sullivan, of Schofield, Fay & Courtney, Hartford, Conn., for defendant Verven.

Francis J. Moran, New Haven, Conn., for defendant and third-party plaintiff, Triboro Drive-It-Yourself, Inc.

Arthur Weinstein, of Schatz, Weinstein & Seltzer, Hartford, Conn., for third-party defendant, Daystrom Electric Co.

Edward S. Downes, Jr., New Haven, Conn., for movant, American Motorists Ins. Co.

TIMBERS, District Judge.

American Motorists Insurance Company moves, pursuant to Rule 24(a) and (b), Fed.R.Civ.P., 28 U.S.C.A., for leave to intervene as a plaintiff herein.

The action was brought by the administrator of the estate of Einar A. Petterson under the Connecticut wrongful death statute, Conn.Gen.Stat. § 52–555 (1958), to recover damages for the wrongful death of plaintiff's decedent alleged to have been caused by defend-

ant Verven's negligent operation of an automobile in which plaintiff's decedent was a passenger. Recovery, pursuant to Conn.Gen.Stat. § 14–154 (1958), also is sought against defendant, Triboro Drive-It-Yourself, Inc., the lessor of the automobile.

Petterson sustained injuries in Connecticut March 15, 1958 while riding in the automobile driven by defendant Verven and died in Connecticut two months later as a result. Petterson and Verven were fellow employees of Daystrom Electric Company, a New Jersey corporation, which has been impleaded as a third party defendant.

At the time of the accident, Petterson and Verven were traveling from Woods Hole, Massachusetts, through Connecticut, to Poughkeepsie, New York. The automobile involved had been leased to Daystrom by Triboro, a New York corporation, and was being operated by Verven with Daystrom's permission.

Jurisdiction is based on diversity of citizenship. The amount in controversy, exclusive of interest and costs, exceeds $10,000.

American Motorists Insurance Company, an Illinois corporation, is the workmen's compensation insurance carrier of Daystrom. Pursuant to the terms of its compensation policy and in accordance with the Workmen's Compensation Law of New York, American Motorists paid medical expenses and compensation to and on behalf of decedent prior to his death; subsequently it has paid and continues to pay death benefits to decedent's dependants.

American Motorists seeks to intervene in this action either as of right or permissively, alleging that it has a lien on and is entitled to the proceeds of any recovery obtained by plaintiff against any defendant.

The motion to intervene must be denied on the grounds that (1) American Motorists, being the liability insurance carrier for Daystrom, the third party defendant, should not be permitted to assume the dual and inconsistent role of plaintiff in an action the objective of which is a recovery against which American Motorists already is committed to defend; and (2) American Motorists does not have a lien on the proceeds of any recovery which may be obtained by plaintiff herein.

(1) *American Motorists Should Not Be Permitted To Assume Dual And Inconsistent Role Of Plaintiff And Defendant*

■ It is settled law that where statutes give a workmen's compensation insurer a substantive right of subrogation to the proceeds of an action by an injured party against a tort-feasor, intervention, either as of right or permissively, will be permitted in the federal courts. Kelley v. Summers, 210 F.2d 665 (10 Cir. 1954) (intervention as of right); Virginia Elec. & Power Co. v. Carolina Peanut Co., 186 F.2d 816 (4 Cir. 1951) (intervention as of right); Strate v. Niagara Machine and Tool Works, 160 F.Supp. 296 (S.D.Ind.1958) (intervention as of right); Komlos v. Compagnie Nationale Air France, 18 F.R.D. 363 (S.D.N.Y.1955) (permissive intervention); McGee v. McNany, 10 F.R.D. 5 (W.D.Pa.1950) (permissive intervention).

Nevertheless, where the workmen's compensation payor of plaintiff is also the liability insurer for a defendant tort-feasor, intervention will be denied. Christon v. United States, 8 F.R.D. 327 (E.D.Pa.1947); Gutowitz v. Pennsylvania R. R., 7 F.R.D. 147 (E.D.Pa.1946).

■ In the instant case, plaintiff contends and American Motorists admits that in addition to being the workmen's compensation payor of plaintiff, it also is the liability insurance carrier for Daystrom, the third party defendant. Intervention by American Motorists here would therefore create a potential conflict of interest situation so fraught with possibilities of collusion and abuse that this Court in good conscience cannot allow it. Gutowitz v. Pennsylvania R. R., supra.

Petitioner has failed to show that the representation by the named plaintiff will be inadequate to protect its interests. The classic situation of possible collusion between plaintiff and defendants which would affect American Motorists' interest adversely and would necessitate its presence in the suit *as of right,* is not here present. Cf. Klein v. NuWay Shoe Co., Inc., 136 F.2d 986 (2 Cir. 1943); Twentieth Century-Fox Film Corp. v. Jenkins, 7 F.R.D. 197 (S.D.N.Y.1947).

Petitioner, in seeking to intervene, does not fall within the mandatory provisions of Rule 24(a) (intervention as of right) and the Court is therefore not without discretion in denying the motion under Rule 24(b) (permissive intervention). The Court holds that to allow intervention by American Motorists would "unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b), Fed.R.Civ.P.

**(2)** *American Motorists Does Not Have A Lien On Any Proceeds Which May Be Recovered By Plaintiff In This Action*

█ A party seeking to intervene pursuant to the provisions of either Rule 24(a) or (b), Fed.R.Civ.P., must have some substantial legal interest to protect by his intervention. 4 Moore's Federal Practice, ¶ 24.09, p. 45 (2d ed. 1950); Pure Oil Co. v. Ross, 170 F.2d 651, 653 (7 Cir. 1948).

American Motorists claims as its chief interest a lien on any proceeds recovered by plaintiff from defendants. American Motorists' right of subrogation, if it exists, would be a sufficient interest in the subject matter of the litigation to allow intervention. Kelley v. Summers, 210 F.2d 665, 673 (10 Cir. 1954).

The Court holds, however, that by reason of the peculiar facts here present American Motorists is not entitled to be subrogated to any recovery by plaintiff.

█ The right of subrogation to a workman's rights in a third party action does not exist independently of the workmen's compensation law; it depends entirely on the statute. See Note, Right of Subrogation Under The Workmen's Compensation Acts, 43 Minn.L.Rev. 170 (1958).

█ This being a diversity case, under the rule of Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this Court must follow the conflict of laws rules prevailing in the State of Connecticut. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941).

In an earlier opinion in this case Judge Smith held, and it is the law of the case, that under Connecticut conflict of laws rules, Connecticut's internal tort law controls on the questions of negligence and the maintenance of this wrongful death action. Greene v. Verven and Triboro, 204 F.Supp. 585 Civ.No. 7706 (D.Conn. October 1, 1959).

█ This Court is of the opinion, however, that under Connecticut conflict of laws rules the Connecticut courts would recognize the New York Workmen's Compensation Law as controlling on the question of whether a workman's compensation insurer who has paid benefits under the New York statute has a right of subrogation to the proceeds recovered in an action by the injured employee against the third party tort-feasor. Hopkins v. Matchless Metal Polish Co., 99 Conn. 457, 121 A. 828 (1923). See Liberty Mut. Ins. Co. v. Borsari Tank Corp., 248 F.2d 277 (2 Cir. 1957); First Nat'l Bank in Greensburg v. M. & G. Convoy Inc., 102 F.Supp. 494 (W.D.Pa. 1952); Sloan v. Appalachian Elec. Power Co., 27 F.Supp. 108 (S.D.W.Va.1939).

New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, § 29(1) provides in relevant part that:

> "If an employee entitled to compensation *under this chapter* be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents * * * may take * * * compensation and medical benefits and * * * pursue his remedy against such other subject to the provisions

of this chapter. \* \* \* *In such case,* \* \* \* the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier." (Emphasis added.)

■ The italicized words "In such case" indicate that a lien inures to the benefit of the workmen's compensation insurer *only* when the conditions stated immediately prior thereto in the statute are complied with, namely, when an employee entitled to compensation is injured or killed by the negligence or wrong of another *not in the same employ.*

■ Since Petterson and Verven admittedly were in the same employ, the provisions of the New York Workmen's Compensation Law which creates a lien in favor of the workmen's compensation insurer are inapplicable and American Motorists is without statutory authority to assert its lien. It therefore lacks sufficient legal interest in the subject matter of this litigation to intervene.

■ This conclusion does not contravene any public policy of Connecticut despite the provisions of Conn.Gen.Stat. § 31–293 (1961) which allows an employer or his insurer to join as plaintiff in any action brought by an injured employee against the tort-feasor. This statute is applicable *only* to *Connecticut* employers obliged to pay benefits under the *Connecticut* Workmen's Compensation Act. Olszewski v. State Employees' Retirement Comm., 144 Conn. 322, 130

A.2d 801 (1957); Stavola v. Palmer, 136 Conn. 670, 677, 73 A.2d 831 (1950).

■ In the instant case an Illinois corporation seeks leave to intervene to obtain reimbursement for moneys expended as a result of the operation of the *New York* Workmen's Compensation Law. The Connecticut statute is for the benefit and protection of Connecticut employers and workmen's compensation insurers operating under the Connecticut Workmen's Compensation Act. It is inapplicable to non-Connecticut employers operating under non-Connecticut workmen's compensation laws.

Connecticut therefore has no public policy interest in protecting American Motorists in this situation by granting it subrogation rights.

■ Counsel for American Motorists refers to "the inequity of allowing plaintiff herein a possible double recovery". Anomalous as it may seem, such double recovery may well be plaintiff's right. Certainly it is not contrary to the public policy of either New York or Connecticut.

Medical expenses and compensation are paid under the laws of New York because that is where decedent worked. The duty to pay such expenses and compensation is imposed without regard to fault, causation or negligence and regardless of whether suit is ever brought against the tort-feasor. Decedent's administrator may be entitled to damages under the laws of Connecticut because that is where he was killed.

Thus, New York and Connecticut each has provided different remedies for separate wrongs within their respective borders. Such remedies and the rights incidental thereto are in no way interdependent or mutually exclusive. Plaintiff is entitled, as he has done, to take full advantage of *all* rights available to him. Indeed, he is under a fiduciary duty to do just that.

The motion by American Motorists Insurance Company to intervene is denied. An order has been entered accordingly.