In the Matter of the Claim of BETTY J. PETTERSON, as the Widow of EINAR A. PETTERSON, Deceased, Respondent, *v.* DAYSTROM CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, August 14, 1964.

*Alexander, Ash & Schwartz* (*Sidney A. Schwartz* and *William N. Mairs, Jr.*, of counsel), for appellants.

*Thurston Greene* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Morris N. Lissauer* of counsel), for Workmen's Compensation Board, respondent.

*Foley & Smit* for American Mutual Insurance Alliance and Association of New York State Mutual Casualty Companies, *amici curiæ.*

*Per Curiam.* The sole issue to be determined is whether the carrier is entitled to a credit against the proceeds of the settlement of a wrongful death action instituted in the State of Connecticut.

A resident of this State and an employee of Daystrom Corporation, decedent, a passenger, sustained injuries in the course of his employment on March 15, 1958 when an automobile owned by Triboro-Drive-It-Yourself, Inc., a New York corporation, and operated by a fellow employee, one Verven, veered from the public highway in Sharon, Connecticut, and struck an adjacent tree. As a result thereof he died on May 14, 1958 leaving him surviving a widow and three children.

The deceased was paid his full salary by the employer until the date of death. An award of death benefits based upon a finding of industrial accident was made on December 23, 1959 to the widow and the three dependent children and the case was continued " pending outcome of third party action."

Some nine months earlier the administrator of decedent's estate, as plaintiff, had instituted a wrongful death action in the United States District Court for the District of Connecticut against Verven and Triboro as defendants. As a special defense the defendants alleged that its prosecution was barred by the provisions of subdivision 6 of section 29 of the Workmen's Compensation Law of this State. On the motion of plaintiff the District Court struck the defense from the respective answers, holding that the New York statute had no extraterritorial effect as to the tort action instituted in Connecticut under whose law a coemployee is not immune from suit. (*Greene* v. *Verven*, 204 F. Supp. 585.)

In early 1960 Triboro impleaded Daystrom, the lessee of the vehicle involved in the accident, as a third-party defendant. On July 7, 1961 the Federal District Court denied a motion by appellant American Motorists Insurance Company, which had provided Daystrom with liability and compensation insurance

coverage, for leave to intervene in the action upon allegations that it had a lien on the proceeds of any recovery obtained by plaintiff. (*Greene* v. *Verven*, 203 F. Supp. 607.) The predicates of the court's decision were (1) that appellant carrier should not be permitted to assume the dual and inconsistent roles of plaintiff and defendant and (2) that it lacked sufficient legal interest in the subject matter of the litigation to warrant intervention since no lien on the proceeds of any recovery which plaintiff might obtain inured to its benefit under the New York act.

On January 30, 1962 pursuant to a stipulation of the parties the statutory death action was settled by the payment to plaintiff administrator of the total sum of $140,000 of which $50,000 were contributed by Verven and the balance of $90,000 was paid by appellant carrier under its liability policy issued to Daystrom which as lessee of the motor vehicle was bound under the law of Connecticut to indemnify its lessor, Triboro. It was further stipulated that no claim for reimbursement from the plaintiff, the estate of the deceased or his dependents would be made " on account of any payments made to [that] date under the Workmen's Compensation Laws of the State of New York on account of the injuries and death of Einar Petterson, with the understanding that the matter of future Workmen's Compensation payments is to be left to the future determination under the laws of the State of New York." Under the order of distribution entered in the Connecticut probate court pursuant to the stipulation, the widow received as her share of the net proceeds of the settlement the sum of $29,117.26; the share of each child amounted to $19,411.50.

On February 7, 1962 the carrier notified the chairman of the Workmen's Compensation Board that payment of compensation had been stopped on January 19, 1962 for the reason that the third-party action had been settled. Death benefits paid to that date totaled $8,104.

At a hearing held on July 20, 1962 the issue of credit as to the moneys recovered in the tort action was presented by the carrier. Initially the Referee held " that the action brought against the coemployee Verven in Connecticut was a third party action * * * that the carrier is entitled to exercise its lien herein " and directed that the matter be referred " to the actuary on the question of deficiency benefits." In a subsequent decision he limited the credit to be accorded the carrier to the amount of the widow's share of the recovery obtained against the defendant Verven, thus suspending the payment of benefits to her until February 10, 1973, and exonerated it from liability

for the payment of future compensation benefits to the children on the ground that their respective recoveries exceeded the amounts of compensation due under the statute.

Upon review the board found "that the administrator's action, under a Connecticut statute creating a remedy precluded by New York Law, based solely upon the negligent acts of a coemployee, is not a third party action within the meaning of the New York Workmen's Compensation Law and that the employer and carrier are not entitled to a credit or offset upon their workmen's compensation liability because of a recovery or settlement in such Connecticut action", accordingly modified the decision of the Referee by striking "the authorization of partial credit to the employer and carrier for such recovery" and, as so modified, affirmed the award. Daystrom and its carrier appeal.

Subdivision 1 of section 29 of the Workmen's Compensation Law permits the dependents of an employee, killed in the course of employment "by the negligence or wrong of another not in the same employ", to pursue a third-party action. Subdivision 4 provides that an insurance carrier, among others, "shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case."

It is plain beyond cavil that the wrongful death action was not "a third-party suit" within the literal language of section 29. It is equally clear that its credit allowance provisions (subd. 4) operate as a setoff only as respects a recovery against a person not in the same employ. Appellants do not contend that the text of the statute provides any basis for holding that the settlement of the foreign tort action entitles them to a credit. Essentially they argue that since the action was permissibly and successfully prosecuted to a settlement under Connecticut law with a consequent recovery of damages for the accidental death which is the basis of the compensation award, the Legislature must be deemed to have intended that it should be regarded as a third-party action within the purview and contemplation of the New York statute thus subjecting the employer and carrier only to liability for deficiency compensation and that the strict interpretation given it by the board has produced an inequitable result in the nature of an unconscionable double recovery.

The language found in the statute is clear and unambiguous; patently it does not include for credit consideration the proceeds of the recovery achieved in the Connecticut action. Had the

Legislature intended otherwise it could easily have so provided. In the construction of statutes " [i]t is not allowable, to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture, in order to restrict or extend the meaning." (*McCluskey* v. *Cromwell*, 11 N. Y. 593, 601; see, also, *Matter of Rathscheck*, 300 N. Y. 346, 350; *Meltzer* v. *Koenigsberg*, 302 N. Y. 523, 525.) In our judgment recourse to the act in aid of the benefit contended for by appellants is unavailing.

In *Matter of Meachem* v. *New York Cent. R. R. Co.* (8 N Y 2d 293, 298) it was said that the decisional law does not condemn a double recovery. In so stating the court was not indulging in dictum. To the contrary, its express holding was that the claimant could retain gains in excess of those provided by the Workmen's Compensation Law. Although there the showing of double recovery was confined to the minor item of funeral expenses, the principle enunciated is not altered by the caliber of the outside financial achievement. Nor is there anything in the act which forbids the collection of additional amounts from an extraterritorial or other source.

We find inapposite the decisions in *Matter of Martin* v. *C. A. Prods. Co.* (8 N Y 2d 226) and *Matter of Muller* v. *Allgaier Constr. Co.* (15 A D 2d 601) where successful experimentation by way of third-party actions founded on mutually exclusive theories of recovery — which, of course, is not the case here — was held to bar the compensation claims. *Matter of Berenberg* v. *Park Mem. Chapel* (286 App. Div. 167) turned on the failure of the claimant to obtain the written consent of the insurance carrier to the compromise of a common-law action against a coemployee for an intentional tort not barred by the " exclusive remedy " provisions of subdivision 6 of section 29.

The decision should be affirmed, with one bill of costs to respondents filing briefs.

GIBSON, P. J. (dissenting). In one of its aspects, the Workmen's Compensation Law represents a compact. In consideration of the guarantee to the employee of fixed and certain compensation for occupational injury, without regard to fault, the employer is relieved of the liability theretofore imposed upon him for damages in negligence not limited as to amount, and each coemployee is relieved from any liability whatsoever. Having had full recovery in another State against decedent's coemployee and, in effect, against his employer as well (see *Naso* v. *Lafata*, 4 N Y 2d 585, mot. for rearg. den. 5 N Y 2d 861 and *Rauch*

v. *Jones,* 4 N Y 2d 592, as to effect of liability for indemnification), claimant's recovery of an additional award under the Workmen's Compensation Law contravenes the statute and the clear public policy implicit in its enactment. In strictly and literally construing the language of subdivision 1 of section 29 of the Workmen's Compensation Law, the majority not only overlook the basic intendment of section 29, read as a whole, and the public policy underlying it, but, in addition, ignore the '' emphatic language '' of subdivision 6 of the very same section, that '' The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ.'' (See *Naso* v. *Lafata,* 4 N Y 2d 585, 591, mot. for rearg. den. 5 N Y 2d 861, *supra; Rauch* v. *Jones,* 4 N Y 2d 592, 596, *supra.*)

Of course, the statute cannot prevent a recovery in a foreign jurisdiction; but once claimant has, however properly, thwarted its protective purpose, our courts are not bound to approve a further onslaught upon and recovery against the supposedly protected employer. In *Matter of Berenberg* v. *Park Mem. Chapel* (286 App. Div. 167) we disapproved the same sort of limited and literal definition of third-party action under section 29 as stated by the majority here, which would otherwise have led to a double recovery. (And, see, *Hartford Acc. & Ind. Co.* v. *Chartrand,* 239 N. Y. 36.) That in this case the defense of workmen's compensation coverage was held unavailable in Connecticut (*Greene* v. *Verven,* 204 F. Supp. 585) is not of compelling weight, under such circumstances. In fact the Federal court, having in that decision denied extraterritorial effect to the New York Workmen's Compensation Law, thereafter upon a subsequent motion looked to our statute to determine the carrier's right to impose a lien. (*Greene* v. *Verven,* 203 F. Supp. 607.) More important, however, the parties in their very stipulation of settlement provided '' that the matter of future Workmen's Compensation payments is to be left to the future determination under the laws of the State of New York ''; the carrier at the same time waiving reimbursement '' of any payments made to date under the Workmen's Compensation Laws of the State of New York ''. It is of some moment, too, that because it seemed to her advantage to do so, claimant herself treated the lawsuit as a third-party action by service of notice under section 29.

In view of what has been said, and considering the interacting relationships of employer, employee and coemployee (cf. *Rauch* v. *Jones,* 4 A D 2d 572, 575, affd. 4 N Y 2d 592, *supra*) we find

no reason to distinguish (as did the Referee) between claimant's recovery against the employer and that against the fellow employee.

While, in our view, reversal is required upon the grounds above outlined, the same result seems to us to be compelled by the decisions in *Matter of Martin* v. *C. A. Prods. Co.* (8 N Y 2d 226) and *Matter of Muller* v. *Allgaier Constr. Co.* (15 A D 2d 601, 602). We find not in point *Matter of Meachem* v. *New York Cent. R. R. Co.* (8 N Y 2d 293) from which the majority opinion culls a dictum couched in general terms.

That appellant carrier made application for a credit against the widow's award and not to dismiss the claim should not operate to deprive it of the lesser relief sought.

The board, with patent inconsistency, allowed credits against the awards to the dependent children, and that determination was not appealed.

In our view, the decision appealed from should be reversed.

TAYLOR, AULISI and HAMM, JJ., concur in *Per Curiam* opinion; GIBSON, P. J., dissents and votes to reverse, in opinion in which REYNOLDS, J., concurs.

Decision affirmed, with one bill of costs to respondents filing briefs.