**State of Vermont v. The Equinox House, Inc., and Ian Bennett**

[350 A.2d 357]

No. 103-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*M. Jerome Diamond,* Attorney General, and *Georgiana O. Miranda,* Assistant Attorney General, Montpelier, for State.

No brief filed, or oral argument made at appellate level, for defendants.

**Larrow, J.** The State of Vermont brought suit in Bennington Superior Court against The Equinox House, Inc., a Vermont corporation, and Ian Bennett, its president and treasurer, to collect income tax withheld from corporate employees, rooms and meals taxes, and sales and use taxes. Also included in the suit was one minimum corporate income tax and penalty. These taxes allegedly arose out of the operation of a hotel in Manchester.

A consent judgment was entered against both defendants, but later stricken by consent as to defendant Bennett. It remains in effect as to the corporate defendant, and no question is here raised as to corporate liability for the amounts in issue. Defendant Bennett by answer admitted the factual allegations of the complaint, but denied personal liability, and moved to dismiss on the ground that there is no statutory liability for the taxes in question imposed upon corporate officers.

On hearing, the trial court granted Bennett's motion to dismiss, and the State has appealed this dismissal. The court assigned as grounds for dismissal lack of personal liability for non-payment of sales and rooms and meals taxes collected by the corporation, and, as to the income and withholding taxes due, a failure to allege any personal duty on the part of Bennett to effect their payment.

No question is presented here with respect to the small corporate income tax included in the suit. The State points us to no authority, and we know of none, for holding defendant Bennett individually liable for this tax, whatever his official

corporate capacity. No error appears in the trial court ruling with respect to corporate income tax.

The other taxes involved, however, have a different characteristic, and receive different statutory treatment. With respect to them, the taxpayer is functioning for the state, in collection and remittance of the tax. He either withholds from an employee's compensation and remits, in the case of withholding tax, or collects from a customer and remits, in the case of sales taxes and rooms and meals taxes. This statutory duty is imposed not only upon the corporation, but upon the corporate officer who, within its structure, has that as part of his corporate duties. The language varies slightly with each tax, but the practical effect is the same. His corporate duty becomes his statutory duty, and personal liability attaches for nonperformance.

32 V.S.A. § 5844, applicable to withholding taxes, extends personal liability, where the employer is a corporate entity, "to any officer or agent of the corporation who as an officer or agent of the corporation is under a duty to withhold the tax and transmit the same to the commissioner as required in this chapter." 32 V.S.A. § 5844(a) (Supp. 1975).

With respect to rooms and meals taxes, 32 V.S.A. § 9280 makes "operators" personally liable for the taxes required to be reported and remitted quarterly. 32 V.S.A. § 9202(4) (Supp. 1975) defines operator, stating that "[i]n the event that an operator is a corporation, the term 'operator' shall include any officer or agent of such corporation who, as an officer or agent of the corporation, is under a duty to pay the gross receipts tax to the commissioner as required by this chapter." In light of the substantial identity of this language with the quoted language applicable to withholding taxes, it is difficult to perceive on what basis the trial court differentiated between resultant liabilities.

32 V.S.A. § 9703 imposes personal liability upon every person for the taxes required to be collected under the chapter, which relates to sales and use tax. 32 V.S.A. § 9701(14) defines persons required to collect the tax as including "any officer or employee of a corporation or of a dissolved corporation who as that officer or employee is under a duty to act for the corporation in complying with any requirement of this chapter and any member of a partnership." Again, there is

substantial identity of language. It is apparent that the statutory liability of the corporation becomes that of the corporate officer, if remittance of the tax falls within his corporate duties. All three taxes here in issue (withholding, sales and use, and rooms and meals) carry corresponding personal liabilities, and the trial court was in error in differentiating between them in this respect.

The complaint as drawn, however, failed to state a cause of action in one significant respect. It alleged merely that the defendant Bennett was president and treasurer of the corporate defendant, without any allegation whatever of his duties in those capacities. Unlike some jurisdictions, Vermont statutes confer no express duties upon corporate presidents and treasurers as such, leaving their delineation to bylaws and director resolutions. 11 V.S.A. § 1892(b). The duties of the defendant Bennett, therefore, with respect to collection and remittance of the taxes in issue, are not the subject of judicial notice; the failure of the State to allege such duties, if they in fact existed, leaves the complaint lacking in an allegation necessary to impose liability. The trial court correctly ruled that a cause of action had not been stated.

The correctness of this ruling requires affirmance, but does not necessarily terminate the litigation. The applicable statute of limitations has not run, and no strong policy militates against amendment of the complaint if, in fact, the corporate duties of the defendant Bennett embrace the collection and remittance of the taxes in question. The State here urges that the trial court gave it no opportunity to amend its complaint. The record fails to show that it made any attempt, at any time, to do so. By failing to do so, it took a serious risk. But we incline to the view that the action of the trial court was somewhat misleading, in that its dismissal of the complaint was upon grounds other than the ones expressly raised by the defendant Bennett. The ends of justice would, we feel, be best served by allowance of amendment after remand, if the State is so advised. Freedom of amendment is a fundamental principle of our rules. V.R.C.P. 15(a).

> The court will often without request incorporate leave to amend within a stated time in its order of dismissal, and a suggestion by counsel that this be done is appropri-

ate. If the court does not do so, the safe course is to move for leave within the 10 days permitted by Rule 59(e) for a motion to alter or amend a judgment. It would appear that, at the latest, leave to amend must be sought within the year permitted by Rule 60(b) for a motion for relief from a judgment.

The plaintiff who elects to stand upon his complaint and appeal from the judgment of dismissal is taking a serious risk. If the Law Court affirms the dismissal, it has the power to include in its certificate of decision to the trial court a grant of leave to amend. Unless such leave is granted by the Law Court, the trial court will be unlikely to allow further amendment and arguably would lack the power to do so. In the absence of unusual facts such a plaintiff does not present a persuasive case for the exercise of discretion in favor of amendment, since he might have amended instead of taking an appeal.

1 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 15.3, at 303 (2d ed. 1970).

We incline to the view that a "persuasive case" for amendment is here presented, because the matter is one of first impression, the treatment of the motion to dismiss below was somewhat unusual, and the original default judgment against the defendant Bennett was stricken with the consent of the plaintiff to permit his appearance and answer.

*The judgment of the Bennington Superior Court against defendant The Equinox House, Inc., is affirmed. The judgment dismissing plaintiff's complaint as against the defendant Bennett is affirmed, and the cause is remanded with direction to strike the same upon timely motion by the State of Vermont pursuant to V.R.C.P. 60(b) and to allow amendment of plaintiff's complaint. Each party shall bear its own costs in this Court.*