VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    23-AP-092

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2023

| | |
|---|---|
| Josh Manheimer\* v. Our Court Tennis Club et al. | APPEALED FROM:<br><br>Superior Court, Windsor Unit,<br>Civil Division<br>CASE NO. 22-CV-01274<br>Trial Judge: Timothy B. Tomasi |

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the civil division's dismissal of his amended complaint for failure to state a claim upon which relief may be granted.  We affirm.

In his original complaint, plaintiff alleged the following.  For over twenty years, plaintiff was a member of defendant Our Court Tennis Club, a Vermont nonprofit corporation located in White River Junction.  In January 2022, the Club's board of directors sent plaintiff a letter demanding that he pay $10,860 for unpaid guest fees going back seven years.  Defendant Judith Jackson, the board president, and defendant Steven Maker, the Club's secretary, signed the letter. The letter stated the Club's intent to expel plaintiff from the Club if he did not pay.  The board provided no invoices or documents to substantiate the amount demanded.  In April 2022, the board suspended plaintiff from playing tennis at the Club.  Plaintiff then filed this lawsuit.

Plaintiff's legal claims are based on the core allegation that the Club and its board falsely accused him of owing unpaid guest fees and improperly suspended him from the Club.  In his original complaint, plaintiff asserted violations of the Consumer Protection Act (CPA), intentional infliction of emotional distress (IIED), civil extortion, and breach of a nonprofit-board member's statutory duty of care and loyalty under 11B V.S.A. § 8.30.  The complaint named defendants Jackson and Maker for only the IIED and civil extortion claims; the CPA and breach-of-statutory-duty claims were against the Club.

Defendants filed a motion to dismiss, which plaintiff opposed.  The trial court granted defendants' motion and dismissed all four claims of the original complaint under Vermont Rule of Civil Procedure 12(b)(6) for failure to state a claim.  It concluded that: (1) this dispute between private parties did not meet the "in commerce" requirement of the CPA, so the CPA did not apply; (2) the alleged conduct did not rise to the level of "outrageous" or "extreme" as required for IIED; (3) Vermont does not recognize a civil cause of action for extortion; and (4) plaintiff sued the wrong party—the Club instead of any individual directors—as to his claim

that corporate officers breached their statutory duties. However, the court granted leave for plaintiff to amend and refile his complaint.

Plaintiff filed an amended complaint alleging essentially the same core underlying facts but somewhat different claims.[*] The amended complaint included three total claims. He again asserted a claim under the CPA, but for the first time included citations to federal civil-rights cases to support his proposition that the Club "behaves as a public club and is therefore a public accommodation" for which "the public has an overriding interest in being protected by [f]ederal and [s]tate laws." Plaintiff also asserted a claim for "civil conspiracy" as to all individual defendants. He alleged that these board members "willfully planned and plotted how to extract a large sum of money" from him by recommending that he not seek legal counsel, secretly surveilling Club members to catch those who did not pay guest fees, and fabricating the amount of money that they claimed plaintiff owed. Finally, plaintiff asserted against the individual defendants a claim of breach of fiduciary duty pursuant to 11A V.S.A. § 8.30. He sought a declaration that he owes no money to the Club; compensatory and treble damages for emotional distress and pain and suffering; as well as court costs and attorney's fees.

Defendants moved to dismiss the amended complaint, which plaintiff opposed. The court granted defendants' motion and dismissed the complaint in its entirety for failure to state a claim. It reasoned that the CPA claim as re-pled still did not satisfy the "in commerce" requirement of the statute and plaintiff failed to explain how the "private club" exemption in the federal public-accommodation statute, on which he relied, would apply to Vermont's consumer-protection statute. The court also concluded that Vermont does not recognize a "civil conspiracy" claim, but even if it did, plaintiff failed to allege any underlying tort or criminal activity in furtherance of the alleged conspiracy, so the claim would fail as a matter of law. As to the breach-of-duty claim, the court noted that in the original complaint plaintiff had cited the nonprofit-corporations statute, 11B V.S.A. § 8.30, but in the amended complaint he deleted all references to that statute and replaced them with citations to the for-profit-corporations statute, 11A V.S.A. § 8.30. The court explained that defendants argued clearly in their motion to dismiss that plaintiff had cited the wrong statute and that the for-profit-corporations statue was inapplicable to the Club because it was a nonprofit entity; however, plaintiff failed completely to address this argument in his opposition filing. Nor did he seek to amend his complaint to change the reference from 11A back to 11B. Thus, the court concluded that the change in statute was intentional, and plaintiff failed to state a viable claim for breach of fiduciary duty.

On appeal, plaintiff challenges the court's dismissal of all three claims in his amended complaint. We review de novo the trial court's dismissal of a complaint under Civil Rule 12(b)(6). Birchwood Land Co. v. Krizan, 2015 VT 37, ¶ 6, 198 Vt. 420. Pursuant to Rule 12(b)(6),

> we assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor and will conclude that a party fails to state a claim only when it is beyond

---

[*] Plaintiff named the same defendants as in his original complaint but added three more individual defendants—Rebecca Foulk, Carol Williams, and Tom Muttitt. He alleged that all five individual defendants were members of the Club's board of directors. However, it does not appear that he served the complaint on these individuals and the civil division did not add them to the caption. Plaintiff does not address this issue on appeal.

2

doubt that there exist no facts or circumstances that would entitle the plaintiff to relief.

Sutton v. Purzycki, 2022 VT 56, ¶ 20 (quotation omitted).

Plaintiff argues that, contrary to the trial court's analysis, the allegations of the amended complaint meet the "in commerce" requirement of the CPA, so it was error to dismiss his CPA claim. The CPA prohibits "unfair or deceptive acts or practices in commerce." 9 V.S.A. § 2453(a). As we have explained:

> [T]he "in commerce" requirement narrows the [CPA's] application to prohibit only unfair or deceptive acts or practices that occur in the consumer marketplace. To be considered "in commerce," the transaction must take place in the context of an ongoing business in which the defendant holds himself out to the public. Further, the practice must have a potential harmful effect on the consuming public, and thus constitute a breach of a duty owed to consumers in general. By contrast, transactions resulting not from the conduct of any trade or business but rather from private negotiations between two individual parties who have countervailing rights and liabilities established under common law principles of contract, tort and property law remain beyond the purview of the statute.

Foti Fuels, Inc. v. Kurrle Corp., 2013 VT 111, ¶ 21, 195 Vt. 524 (quotations, citations, and alterations omitted).

Here, plaintiff claims that the Club's attempts to collect an allegedly false debt from him occurred "in commerce." We disagree. As the trial court aptly summarized:

> [The parties' dispute] concerned rules and agreements between the Club and one of its members as to guest fees, and whether such fees were incurred by that particular member. The conduct alleged had no impact on the nonmember public. Nor did it concern any alleged misrepresentations to plaintiff at any time prior to when he was [a] member of the organization, i.e., when he even potentially may have been a "consumer."

Plaintiff's amended complaint does not allege that the Club breached any "duty owed to consumers in general." Id. Whether or not plaintiff actually owes the fees the Club seeks to collect depends wholly on the proper interpretation of rules established through the contractual relationship created by plaintiff's paid membership with the Club, and whether plaintiff in fact violated those rules.

Plaintiff's assertion that the Club markets itself to the general public to attract new members does not change this analysis. He has not alleged that the Club marketed or advertised in a deceiving way. That any person may offer to pay the Club's annual fee and thereby seek to become a member does not transform a dispute about Club rules into a transaction occurring in the consumer marketplace. Likewise, plaintiff's contention that guest fees are paid by non-members is unpersuasive. He has not joined nonmembers as plaintiffs, alleged that the Club's

3

rules bind nonmembers or that the Club deceived nonmember guests, or explained how the pursuit of a debt against a member constitutes harm to a nonmember cognizable under the CPA.

Plaintiff also cites Vermont's Consumer Protection Rules concerning fraudulent-debt practices. See Debt Collection, Rule CF 104, Code of Vt. Rules 06 031 004, http://www.lexisnexis.com/hottopics/codeofvtrules. These do not alter the core provisions of the CPA or somehow create an exception to the "in commerce" requirement, and thus do not help plaintiff.

We are unpersuaded by plaintiff's citation to United States v. Lansdowne Swim Club, 894 F.2d 83 (3d Cir. 1990), a case involving the federal Civil Rights Act of 1964. That case analyzed whether the defendant swimming club was a "private club," and therefore exempt from the racial-discrimination provisions of Title II of the Civil Rights Act, or was instead a "public accommodation" falling within the meaning of the Act. Id. at 85. Plaintiff here contends that the Club fails to meet the multi-factor test for the "private club" exception to the Civil Rights Act, but he does not explain why this test or any of the federal civil-rights framework should apply to Vermont's consumer-protection statute or how this body of law informs a proper interpretation of the CPA's "in commerce" requirement. His discussion of other civil-rights cases in the amended complaint also fails to provide such an explanation. Contrary to plaintiff's suggestion, the trial court did not rule, and we do not hold, that the Club is exempt from compliance with the CPA for all actions it may take. We merely conclude that, even assuming all the facts averred by plaintiff are true, he has not made out a claim that the Club violated the CPA by pursuing a debt against him for alleged unpaid guest fees.

Plaintiff also raises several challenges to the trial court's dismissal of his claim for breach of statutory fiduciary duty. He concedes that the statute he cited in his amended complaint, 11A V.S.A. § 8.30, is not applicable to the Club because it is a nonprofit organization. But he contends that despite citing the wrong statute—11A V.S.A. § 8.30 instead of 11B V.S.A. § 8.30—his claim for breach of fiduciary duty met the standard of Vermont Rule of Civil Procedure 8 and should not have been dismissed under Rule 12(b)(6). Plaintiff did not preserve this argument for appeal. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). Defendants clearly and explicitly raised this issue in their motion to dismiss the amended complaint, arguing that the claim should be dismissed because plaintiff cited Title 11A instead of Title 11B. Plaintiff opposed the motion to dismiss but did not address this argument and did not seek to amend the complaint again to correct this reference. See Pharmacists Mut. Ins. Co. v. Myer, 2010 VT 10, ¶ 18, 187 Vt. 323 (declining to address argument for reversing grant of motion to dismiss because appellant waived argument by failing to raise it below in opposition to motion). Even after the trial court dismissed the claim on this basis, noted plaintiff's failure to respond to defendants' argument, and concluded that plaintiff's citation to the for-profit-corporation statute must have been intentional, plaintiff did not request leave to amend, move for reconsideration, or seek other similar relief. See State v. Equinox House, Inc., 134 Vt. 59, 63 (1975) (noting post-judgment remedies if amendment is sought). Thus, he had several opportunities to bring his argument before the trial court and opted instead to raise it for the first time on appeal.

Notably, plaintiff appears to concede that the argument was not preserved, as he contends that it was "plain error" for the court to have dismissed his claim. In civil matters, we evaluate unpreserved arguments for plain error only under exceptional circumstances—where the claimed error implicates fundamental rights, or a liberty interest is at stake in a quasi-criminal or hybrid

4

civil-criminal probation hearing. Follo v. Florindo, 2009 VT 11, ¶ 16, 185 Vt. 390. None of these circumstances is present here. We will not address this argument for the first time on appeal.

Plaintiff alternatively argues that, even if the claim was properly dismissed, the court should have given him leave to file another amended complaint to replead the claim or the opportunity to file a more definite statement under Civil Rule 12(e), or it should have considered the claim to be tried by implied consent under Vermont Rule of Civil Procedure 15(b). But plaintiff did not seek any such relief or raise any of these contentions below, so we will not consider them. Bull, 170 Vt. at 459.

We note that even though the trial court invited plaintiff to file an amended complaint following dismissal of his original complaint, it acted well within its discretion to not provide a third opportunity for plaintiff to plead his claim and to dismiss the amended complaint with prejudice. Leave to amend a complaint "shall be freely given when justice so requires," V.R.C.P. 15(a), but the trial court has discretion in granting or denying leave, Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1. Here, plaintiff cited the nonprofit statute multiple times in his original complaint, and the trial court dismissed the claim with the opportunity to replead only because he had named the Club as a defendant for this claim instead of individual directors. For reasons that plaintiff still has not explained, in his amended complaint he deleted all references to Title 11B and replaced them with Title 11A, despite maintaining that the Club is a nonprofit organization. Plaintiff had ample opportunity to correct this error—in particular, when defendants explicitly pointed it out in their motion to dismiss. "[A]lthough pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure," Zorn v. Smith, 2011 VT 10, ¶ 22, 189 Vt. 219 (quotation omitted), the most basic of which includes responding to arguments raised against them. See V.R.C.P. 7(b)(4) ("Any party opposed to the granting of a written dispositive motion . . . shall file a memorandum in opposition thereto . . . ."). Under these circumstances, the trial court did not abuse its discretion by dismissing plaintiff's breach-of-fiduciary-duty claim with prejudice.

Plaintiff additionally argues that, by dismissing his amended complaint with prejudice, the trial court improperly denied him the right to discovery and of due process. There is no absolute right to discovery in every case. The purpose of discovery is to gather facts, but if the law does not support a plaintiff's claim even assuming all factual allegations are true, then it is appropriate to grant a motion to dismiss claims before discovery. See Powers v. Off. of Child Support, 173 Vt. 390, 395 (2002) ("The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it.").

The trial court also did not violate plaintiff's due-process rights. "[T]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Stone v. Town of Irasburg, 2014 VT 43, ¶ 27, 196 Vt. 356. Plaintiff had multiple opportunities to plead his claims against defendants and to oppose defendants' arguments for dismissal. He has identified no specific way in which the trial court denied him a meaningful opportunity to be heard or otherwise violated his due-process rights.

Finally, we turn to plaintiff's civil-conspiracy claim. He provides several reasons why the trial court erred by dismissing this claim, but he raised none of them below. His opposition to defendants' motion to dismiss did not address this claim specifically at all, and he thus failed to preserve his appellate arguments. Bull, 170 Vt. at 459. In any event, we are satisfied that dismissal was proper. Assuming without deciding that Vermont still recognizes an independent

5

claim for civil conspiracy, plaintiff has not alleged the requisite elements. To make out a claim for conspiracy, a plaintiff must allege the existence of "a combination of two or more persons to effect an illegal purpose, either by legal or illegal means, or to effect a legal purpose by illegal means." Boutwell v. Marr, 71 Vt. 1, 42 A. 607, 609 (1899). In a civil action, even if there is an illegal purpose, "there can be no recovery unless illegal means were employed." Id. Plaintiff has alleged no illegal means that defendants employed to pursue the debt against him; thus, the claim must fail. To the extent this reasoning differs from the trial court's rationale, we note that we may affirm on any appropriate ground. Bock v. Gold, 2008 VT 81, ¶ 4, 184 Vt. 575 (mem.).

We have considered all of the arguments discernible in plaintiff's brief and conclude that they are all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice